FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -7 PM 4: 05

LISSA W. SHOOK
Davis Wright Tremaine LLP
1501 Fourth Avenue
2600 Century Square
Seattle, Washington 98101-1688
Telephone: (206) 622-3150
Facsimile: (206) 628-7699
e-mail: lissashook@dwt.com

ROBERT K. STEWART
Davis Wright Tremaine LLP
Suite 800
701 West Eighth Avenue
Anchorage, Alaska 99501-3468
Telephone: (907) 257-5300
Facsimile: (907) 257-5399
e-mail: bobstewart@dwt.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>AARON HICKS,<br><br>          Defendant. | Case No. A93-002-4 CR (HRH)<br><br>**MOTION TO REDUCE THE TERM OF IMPRISONMENT UNDER 18 U.S.C. § 3582(c)(2)** |

MOTION TO REDUCE SENTENCE-- 1
SEA 1690785v1 67214-1

931

## I. INTRODUCTION

Aaron Hicks respectfully requests the Court to reduce the term of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a defendant to move for a reduction of his sentence when a subsequent amendment to the Sentencing Guidelines lowers his relevant sentencing range and the reduction is consistent with the policies of the Sentencing Commission. After the district court sentenced Mr. Hicks to 420 months under the Sentencing Guidelines, the Sentencing Commission subsequently adopted Amendment 599, which lowered the sentencing range for his offenses pursuant to 28 U.S.C. § 994(o). Numerous circuit courts have held that Amendment 599 is a proper basis for reducing a defendant's term of imprisonment pursuant to a § 3582(c)(2) motion. *See, e.g., United States v. Goines*, 357 F.3d 469 (4th Cir. 2004) (vacating denial of § 3582(c)(2) motion and remanding to district court for consideration of reduction); *United States v. Brown*, 332 F.3d 1341 (11th Cir. 2003) (reversing denial of § 3582(c)(2) motion); *United States v. Diaz*, 248 F.3d 1065 (11th Cir. 2001) (reversing and remanding to district court to determine the extent of reduction).

This Court should reduce Mr. Hick's term of imprisonment because his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and reducing his sentence is consistent with the applicable Sentencing Guidelines policy statements. 18 U.S.C. § 3582(c)(2).

## II. BACKGROUND

In February 1993, Aaron Hicks was indicted and convicted for alleged violations of 21 U.S.C. §§ 841, 843, 846, and 856, and 18 U.S.C. §§ 371 and 1028, stemming from an alleged conspiracy to distribute crack cocaine (the "cocaine conspiracy"), conspiracy to produce false identification, and maintaining a place for drug trafficking. *See* First Superseding Indictment ("Indictment"), Counts 1, 2, 4, 5, 13, 14, 16, 23 and 28. Mr. Hicks was also indicted and convicted for allegedly violating 18 U.S.C. § 924(c) for using and carrying a firearm "during and in relation to a drug trafficking crime, to wit: conspiracy to distribute, and possess with intent to distribute, cocaine and cocaine base, also known as 'crack cocaine,' a violation of [21 U.S.C. § 846]." *See* Indictment, Count 8 at 21.

Pursuant to U.S.S.G. § 3D1.2(d), the Presentence Investigation Report ("PSR") grouped together the counts that were part of the conspiracy – Counts 1, 4, 5, 13, 14, 16, 23 and 28 – and set the base offense level for all charges except the false identification charge at 38.[1] PSR at 21, ¶ 93; *id.* at 22, ¶ 99. The PSR then added a "Specific Offense Characteristic" two-level enhancement for possession of firearms, pursuant to U.S.S.G. § 2D1.1(b)(1). *Id.*, ¶ 100.[2] His total adjusted offense level for the conspiracy charges was calculated as 42. *Id.*, ¶ 104. Taken in conjunction with his criminal history

---

[1] With respect to the false identification charge, the PSR found that the base offense level was 6. *See* PSR at 23, ¶ 106.

[2] The PSR also added a second two-level enhancement for acting "as an organizer, manager, and supervisor at various crack houses..." pursuant to U.S.S.G. § 3B1.1(c). PSR at 22, ¶ 101.

MOTION TO REDUCE SENTENCE-- 3
SEA 1690785v1 67214-1

category, the guideline imprisonment range for his offenses was 360 months to life. *Id.* at 28, ¶ 145.

The PSR also stated that the guideline term of imprisonment for Mr. Hicks' conviction for possession of a firearm in violation of 18 U.S.C. § 924(c) required a mandatory 60-month sentence consecutive to any other imposed. *Id.*, ¶¶ 92, 144. The PSR noted that there would be no offense level calculation. *Id.* ¶ 92.

Although not stating expressly that it was adopting the PSR findings, the district court appears to have relied on Mr. Hicks' offender score as calculated in the PSR in sentencing him, and accordingly enhanced his base offense level for the conspiracy counts. *See* Transcript of Sentencing Proceedings at 2-3.

> I find and conclude that the base offense level is 38, that by reason of the use of— of weapons there must be a two-level increase, that your role in the offense was an organizer/manager and supervisor at various crack houses, it requires an upward level of two. The adjusted offense level is 42, the – according to the sentencing guidelines the minimum penalty [that] can be imposed is 360 months.

Sentencing Transcript at 6; *see also* U.S.S.G. § 5 (sentencing table). The district court also imposed a separate 60-month sentence for the § 924(c) firearm violation to run consecutive to the 360-month sentence. Sentencing Transcript at 7. As a result, Mr. Hicks, who was 22 years old at the time, was sentenced to 420 months. The judge expressed serious misgivings about the length of the sentence and emphasized that he was restricted from imposing a lower sentence:

> Mr. Hicks, it's—I really take no pleasure in imposing a sentence of this magnitude. I'm required by law to do so—which I'm required by law to

> do, but I want to say that, you know, your father, Aaron Beard, who is very substantially responsible for, I believe, your participation and conduct in this matter is—has been acquitted in this case. Comparing the penalty imposed on you and the fact that he's been acquitted is a matter which I have no control over, but which I must say I do regret.

Sentencing Transcript at 8. Mr. Hicks now asks this Court to reduce his sentence in light of a subsequent amendment to the Sentencing Guidelines.

### III.    ARGUMENT

Section 3582(c) of Title 18 authorizes a defendant to move for a reduction of his sentence when a subsequent amendment to the Sentencing Guidelines lowers his relevant sentencing range and the reduction is consistent with the policies of the Sentencing Commission. 18 U.S.C. § 3582(c)(2) provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that --. . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Mr. Hicks' case, the § 3582(c)(2) criteria are satisfied: (1) his sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); and (2) taking into account the relevant § 3553(a) factors, reducing his sentence is consistent with applicable policy statements issued by the Sentencing Commission.

MOTION TO REDUCE SENTENCE-- 5
SEA 1690785v1 67214-1

### A. Amendment 599 Lowers the Sentencing Range.

The Sentencing Commission adopted Amendment 599, effective November 1, 2000, which modifies Note 2 governing sentencing for § 924(c) offenses,[3] and states in part:

> Weapon Enhancement. If a sentence under this guideline [i.e., 18 U.S.C. § 924(c)] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). . . .

The Ninth Circuit has held that Amendment 599 applies retroactively because it is a clarifying, rather than a substantive, amendment, and the Sentencing Commission specifically listed the amendment as one that may be applied retroactively. *See United States v. Aquino*, 242 F.3d 859, 865 (9th Cir.), *cert. denied*, 533 U.S. 963 (2001); U.S.S.G. § 1B1.10(a) & (c).

---

[3] In the 2002 version of the Sentencing Guidelines, the text of this note was moved to Application Note 4. *See* U.S. Sentencing Guidelines Manual § 2K2.4, cmt. n. 4(2002).

MOTION TO REDUCE SENTENCE-- 6
SEA 1690785v1 67214-1

Amendment 599 provides that a court may not apply "any weapon enhancement in the guideline for the underlying offense . . . if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c)."

It appears that the district court here imposed a weapon enhancement on Mr. Hicks' offense level either on the basis of firearm possession by one or more of his co-defendants relating to the cocaine conspiracy, or because in the ongoing drug trafficking offense Mr. Hicks possessed a firearm other than the one for which he was convicted under 18 U.S.C. § 924(c), or a combination of these two factors.

As noted above, the PSR grouped Counts 1, 4, 5, 13, 14, 16, 23, and 28 together because "they were all part of the conspiracy, were part of the same course of conduct, and involved the aggregation in the quantity of drugs involved." PSR at 21, ¶ 93. After aggregating the amount of drugs by location, the PSR described the Specific Offense Characteristic for this conspiracy that warranted an offense level enhancement as follows:

> There were firearms possessed in the course of drug trafficking at the residences of Square 89 Apartments, Hyder Street, 12th Avenue Apartments, and Nelchina Street, in addition to the Smith and Wesson .357 Magnum revolver specified in Count 3. Therefore, there will be a two level increase. U.S.S.G. § 2D1.1(b)(1).

PSR at 22, ¶ 100.

MOTION TO REDUCE SENTENCE-- 7
SEA 1690785v1 67214-1

All of these residences at which firearms allegedly were possessed, with the exception of the Square 89 Apartments,[4] were listed in Count 1. *See* Indictment, at 7-10. Count 1 charged the cocaine conspiracy, the violation of § 846 which also constituted the underlying offense for Mr. Hicks' § 924(c) conviction under Count 8. In addition, the Smith and Wesson revolver mentioned in the PSR as being "specified in Count 3" (Mr. Hicks was acquitted of Count 3, which alleged a violation of § 924(c)) also allegedly was possessed at a location listed in Count 1, and the underlying offense for Count 3 was the violation of § 846. *See* Indictment at 7, 18.

Because these alleged firearm possessions, whether attributed to Mr. Hicks or his co-defendants, were part of the ongoing drug trafficking offense that constituted the offense underlying his § 924(c) conviction, Amendment 599 provides that they should not have been used to enhance his offense level. *See, e.g., Aquino*, 242 F.3d at 860 ("it is improper to apply any guidelines weapons enhancement for an underlying offense, even where . . . the co-defendant as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c)"). Without this two-level enhancement for firearm possession, his offense level would have been 40, resulting in a sentencing range with a minimum

---

[4] The Square 89 Apartments were not mentioned in the counts for which Mr. Hicks was indicted, and the district court noted at the beginning of the sentencing hearing that "there [was] a question concerning accountability at – for the defendant Hicks at Square 89 Apartments, Anchorage, Alaska[.]" But the court then concluded that reducing the drug amount for that location would not have affected the original base level of 38. Sentencing Transcript at 2. The court did not comment on the potential effect on the firearm enhancement of Mr. Hicks' lack of accountability for the Square 89 Apartments.

MOTION TO REDUCE SENTENCE-- 8
SEA 1690785v1 67214-1

penalty of 292 months. *See* U.S.S.G. § 5 (listing 292-365 months as the range for offense level 40/criminal history level I offenders).

Mr. Hicks was sentenced to 420 months, which represented the minimum sentence of 360 months for the offense level of 42 as calculated in the PSR for the conspiracy, plus the 60-month consecutive sentence for the § 924(c) conviction. Under the lower sentencing range applicable after the enactment of Amendment 599, if the court again sentenced Mr. Hicks at the bottom of the range and imposed the 60-month consecutive sentence, Mr. Hicks' sentence would be 352 months.

### B. Reducing Mr. Hicks' Sentence Is Consistent with the Applicable Sentencing Commission Policy Statement and the § 3553(a) Factors.

Under § 3582, after establishing that a subsequent amendment reduces the term of imprisonment, the court is then to consider whether such a reduction is consistent with the applicable policy statement, and any relevant § 3553(a) factors.

The applicable Sentencing Commission policy statement here is found in U.S.S.G. 1B1.10(a), which provides that a § 3582(c) reduction in a defendant's term of imprisonment is authorized if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." Because Amendment 599 is listed in U.S.S.G. 1B1.10(c), reducing Mr. Hicks' sentence is consistent with the policy statement.

In addition to considering the policy statement, § 3582(c) provides that the Court should also consider "the factors set forth in section 3553(a) to the extent that they are applicable." Section 3553(a) provides in part:

MOTION TO REDUCE SENTENCE-- 9
SEA 1690785v1 67214-1

> (a) Factors to be Considered in Imposing a Sentence — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed —
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; . . .
>
> . . .

Taking these factors into account, a reduction in Mr. Hicks' sentence is clearly warranted.

With regard to the § 3553(a)(1) factors, Mr. Hicks' criminal history – or more precisely, his lack thereof – illustrates that there is no need for his prison term to be lengthier than the 352-month sentence that would be imposed in light of Amendment 599. Prior to these convictions, his only criminal record was for one Failure to Appear for a court hearing with regard to a Class A Misdemeanor, Assault in the Fourth Degree. *See* PSR at 24-25, ¶¶ 120-121.[5]

Moreover, the nature and circumstances of the offense as described by the district court that sentenced Mr. Hicks show that a reduction here would be appropriate.

---

[5] The underlying count and other failures to appear were dismissed in a plea agreement. *See* PSR at 24-25, ¶¶ 120-121.

MOTION TO REDUCE SENTENCE-- 10
SEA 1690785v1 67214-1

The district court expressed regret at having to impose such a substantial sentence because the court believed that Mr. Hicks' father, who was acquitted of related charges, was in fact "very substantially responsible for. . . Mr. Hicks' participation and conduct in this matter[.]" *See* Sentencing Transcript at 8.

Next, in terms of the need for the sentence imposed, the ends outlined in § 3553(a)(2) would all be adequately served by a reduction in Mr. Hicks' sentence. Reducing his sentence to the proper post-Amendment 599 range would still reflect the seriousness of and provide just punishment for the offense, create a sufficient deterrence effect, and adequately protect the public. As described above, if this Court were to reduce the term of Mr. Hicks' imprisonment to the commensurate sentence in the lower sentencing range that now applies under Amendment 599, the result would be a sentence of 292 months. Taking into account the § 924(c) 60-month consecutive sentence, Mr. Hicks' sentence would be 352 months, or almost 30 years, as opposed to the 35 years which he is now serving. The district court stated that it only imposed the 420-month sentence it did because it believed it was compelled by law to do so. *See* Sentencing Transcript at 8. Now that the law permits a different conclusion, this Court should take the opportunity to reduce his sentence.

## IV.    CONCLUSION

Reducing Mr. Hicks' sentence is authorized by § 3582(c)(2), in accord with the factors listed in § 3553(a), and consistent with the applicable Sentencing Commission policy statement. Because Mr. Hicks' sentence was calculated with an offense adjustment that Amendment 599 renders invalid, this Court should resentence Mr. Hicks to a reduced prison

MOTION TO REDUCE SENTENCE-- 11
SEA 1690785v1 67214-1

term.[6] Mr. Hicks therefore respectfully requests that this Court reduce his term of imprisonment.

DATED this __7th__ day of December, 2005.

        DAVIS WRIGHT TREMAINE LLP

        By: _/s/ Lissa W. Shook_
        LISSA W. SHOOK
        Washington State Bar No. 35179

        By: _/s/ Robert K. Stewart_
        ROBERT K. STEWART
        Alaska Bar No. 8506082

        Attorneys for Defendant Aaron Hicks.

---

[6] In the event this Court grants this motion, Mr. Hicks requests the opportunity to brief the effect of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), on the calculation of his new sentence.

MOTION TO REDUCE SENTENCE-- 12
SEA 1690785v1 67214-1

1

2  Certificate of Service:

3  I certify that on December 7th, 2005, a true and correct
4  copy of the foregoing document was served via:

5
   (X) First Class Mail
6  (  ) Facsimile and Mail
   (  ) Hand Delivery
7

8  on the following:

9  Tim Burgess
   U.S. Attorney
10 Federal Building
11 Room 253
   222 W. 7th Avenue #9
12 Anchorage, AK 99513-7567

13

14  *Kris Hamann*

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO REDUCE SENTENCE-- 13
SEA 1690785v1 67214-1