LISSA W. SHOOK
Davis Wright Tremaine LLP
1501 Fourth Avenue
2600 Century Square
Seattle, Washington 98101-1688
Telephone: (206) 622-3150
Facsimile: (206) 628-7699
e-mail: lissashook@dwt.com

ROBERT K. STEWART
Davis Wright Tremaine LLP
Suite 800
701 West Eighth Avenue
Anchorage, Alaska 99501-3468
Telephone: (907) 257-5300
Facsimile: (907) 257-5399
e-mail: bobstewart@dwt.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>AARON HICKS,<br><br>           Defendant. | Case No. A93-002-4 CR<br><br>**REPLY TO THE UNITED STATES' PARTIAL NON-OPPOSITION TO DEFENDANT'S MOTION TO REDUCE THE TERM OF IMPRISONMENT** |

### I. INTRODUCTION

In 1993, at the age of 22, Aaron Hicks was sentenced to 420 months' imprisonment, constituting 360 months for a cocaine conspiracy and a mandatory consecutive 60-month sentence for a § 924(c) firearm violation. The Sentencing

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 1

SEA 1750451v1 67214-1

Commission subsequently adopted Amendment 599, which modifies Note 2 governing sentencing for § 924(c) offenses, and is the amendment under which Mr. Hicks' now seeks relief pursuant to 18 U.S.C. § 3582(c)(2).[1]

The trial judge's comments during the sentencing proceedings indicate that he too thought that even the minimum sentence he could impose – i.e., the one at the bottom of the then-mandatory Sentencing Guidelines range, or 360 months – was longer than what was required, but that he had no choice in the matter: "I really take no pleasure in imposing a sentence of this magnitude. I'm required by law to do…[.]" Imposition of Sentence Transcript of Proceedings ("Sentencing Transcript") at A-9, a true and correct copy of which is attached as Exhibit A to the Declaration of Lissa W. Shook in Support of Defendant's Reply to the United States' Partial Non-Opposition to Defendant's Motion to Reduce the Term of Imprisonment ("Shook Decl.").

The Government now concedes that this Court has the power to reduce Mr. Hicks' term of his imprisonment under § 3582(c)(2). *See* Partial Non-Opposition to Defendant's Motion at 1-2. The Government also agrees that, under the correct calculation of Mr. Hicks' offense level, the applicable United States Sentencing Guidelines range is 292 to 365 months for his convictions. *Id.* at 2. In light of those concessions, and pursuant to § 3582(c)(2), this Court should now consider "the factors

---

[1] Rather than repeat his previous discussion of his sentencing and the effect of Amendment 599, Defendant directs the Court to Defendant's Motion to Reduce Term of Imprisonment Under 18 U.S.C. § 3582(c)(2), pages 3 to 9.

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 2
SEA 1750451v1 67214-1

set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" – factors which support a reduction in Mr. Hicks' sentence.

## II.  ARGUMENT

### A. The § 3553(A) Factors Weigh In Favor Of This Court Reducing Mr. Hicks' Sentence.

Section 3553(a) lists the factors for courts to consider in imposing and, as in this case, reducing a sentence, and provides in relevant part:

> The court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —
>
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed —
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>
>     (C) to protect the public from further crimes of the defendant;
>
>     . . .
>
>   (3) the kinds of sentences available;
>
>     . . .
>
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
>
>     . . .

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 3

SEA 1750451v1 67214-1

*Id.* (emphasis added).

The statute first directs the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). These factors show that a sentence reduction is well warranted.

Mr. Hicks is from a broken home and lived with his father only very briefly and intermittently during his childhood before moving to Alaska to reside with him after high school in 1989. *See* Pre-Sentence Investigation Report ("PSR") at ¶¶ 125, 130, true and correct copies of the relevant pages of which are attached as Exhibit B to Shook Decl. Prior to these convictions, Mr. Hicks' only criminal record was for one Failure to Appear for a court hearing. *See* PSR at ¶¶ 120-121.

Mr. Hicks' father, Aaron Beard, has consistently been identified as (although acquitted of) being the mastermind behind the conspiracy for which Mr. Hicks' was convicted. *See, e.g.*, PSR at ¶¶ 4-8; Sentencing Transcript at A-9. Another relevant § 3553(a) factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). The judge who sentenced Mr. Hicks expressed frustration at the disparity between the punishments:

> [Y]our father, Aaron Beard, who is very substantially responsible for, I believe, your participation and conduct in this matter is—has been acquitted in this case. Comparing the penalty imposed on you and the fact that he's been acquitted is a matter which I have no control over, but which I must say I do regret.

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 4

SEA 1750451v1 67214-1

Sentencing Transcript at A-9.  The fact that Mr. Beard was acquitted, and therefore could not be sentenced as the trial court thought would have been appropriate, should not prevent this Court from taking into account the vast disparity in the punishment of these two defendants.

Moreover, the convictions for which Mr. Hicks seeks to have his term of imprisonment reduced stem from a conspiracy that his father instigated prior to his son ever moving to Alaska, *see* PSR at ¶ 5, and into which it appears his father recruited him upon his arrival, *see, e.g.*, Sentencing Transcript at A-9 ("your father…is very substantially responsible for, I believe, your participation and conduct in this matter").  The power of pressure from family, particularly from a parent, merits consideration here.  Moving to a city where his father would have been the major figure in his life, Mr. Hicks would have been particularly vulnerable and susceptible to his influences.  Mr. Hicks' clean history before moving to Alaska indicates that he would not have come to this behavior on his own.

Other personal characteristics also support reducing his sentence.  He has two children, *see* PSR at ¶ 126, and his need to support them was noted in his PSR: "The defendant is young, strong, and healthy, and there is no reason why he should not be employed in the future, although with the projected length of incarceration the defendant will need to utilize all of his resources to pay child support and stabilize in the community upon release."  *See* PSR at ¶ 133.  If he were to serve out the entire sentence imposed, Mr. Hicks would be 57 years old when he is released.  His opportunity and

ability to become a productive member of society and to support his children can only decline by being incarcerated for such a long period of time.

Most importantly, § 3553(a) provides that "[t]he court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection." (Emphasis added.) The purposes in § 3553(a)(2) are "the need for the sentence imposed":

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant[.]

At the time of his conviction, Mr. Hicks was 22 years old; he was sentenced to more than one and a half times – 35 years – the length of his then-life for crimes he allegedly engaged in for not more than four years, and of which he was not the architect. Such a sentence goes well beyond "reflect[ing] the seriousness of the offense," "promot[ing] respect for the law," and "provid[ing] just punishment." Such ends could be met with a significantly lesser sentence. Nor do deterrence and protecting the public necessitate the length of sentence imposed here. As noted above, Mr. Hicks' lack of a criminal record before these convictions demonstrate that any danger he may pose to the public is minimal, and surely large inroads have been made, if the goal of deterrence has not already been met, by the thirteen years of his sentence he has already served.

This is not to discount the severity of the crimes for which Mr. Hicks was convicted. But when the term of imprisonment imposed effectively amounts to a life

sentence for a defendant of a young age, and when the culpability for his behavior is not his alone, such a sentence is significantly "greater than necessary." *See* § 3553(a).

Additional evidence that his term of imprisonment is overlong comes from Mr. Hicks' own trial judge, who was reluctant to impose the sentence that he felt he was bound to under the Sentencing Guidelines: "I really take no pleasure in imposing a sentence of this magnitude. I'm required by law to do…[.]" Sentencing Transcript at A-9.

Taken together, the applicable § 3553(a) factors, the sentencing court's original imposition of the minimum sentence possible under the Sentencing Guidelines range applicable at the time, and the court's reluctance to impose even that weighty of a sentence, all weigh in favor of reducing Mr. Hicks' sentence. Accordingly, Mr. Hicks respectfully requests this Court to reduce the term of his imprisonment to at least the low end of the sentencing range that now applies under Amendment 599, or 292 months.[2]

> **B.   If This Court Reduces Mr. Hicks' Sentence, This Court May Reduce Punishment Below The Guidelines Range Pursuant To The Supreme Court's Decision In *United States v. Booker*.**

The Government takes the position that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), does not apply in the event that this Court decides to reduce Mr. Hicks' sentence. *See* Government's Partial Non-

---

[2] This sentence would be served consecutively with the 60-month sentence for the § 924(c) conviction.

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 7

Opposition at 3.  But if this Court thinks that under post-*Booker* law it might give Mr. Hicks a sentence lower than 292 months, as Defendant respectfully submits that it should, then as explained below, it should apply *Booker* to this resentencing.[3]

In *Booker*, the Supreme Court held that the Sentencing Guidelines must be treated as advisory in order to be constitutional.  125 S. Ct. at 764.  Under the *Booker* advisory Guidelines regime, a district court, in sentencing or resentencing, is to look to the § 3553(a) factors, *id.* at 764-65, the same factors to be considered by a court in determining whether to reduce a defendant's sentence under § 3582(c)(2).

The Ninth Circuit has held that the advisory guidelines regime is to be used for resentencing after *Booker*, even where such a remand was not caused by a *Booker* error.  *See United States v. Kimbrew*, 406 F.3d 1149, 1154 (9th Cir. 2005); *see also Cirilo-Munoz v. United States*, 404 F.3d 527, 533 n.7 (1st Cir. 2005); *accord United States v. Gutierrez-Ramirez*, 405 F.3d 352, 359 n.14 (5th Cir.), *cert. denied*, 126 S. Ct. 217 (2005); *United States v. Doe*, 398 F.3d 1254, 1261 n.9 (10th Cir. 2005); *United States v. Gleich*, 397 F.3d 608, 615 (8th Cir. 2005).  It follows that where a court is imposing a new lower sentence pursuant to § 3582(c)(2), the Guidelines similarly should be treated as being advisory.

---

[3] Defendant has set forth the reasons why he believes *Booker* applies here in order not to waive his contention that *Booker* does apply to reducing his sentence.  If this Court believes that the Government should be given another chance to explain why it believes that this is not the case, Defendant would not object.

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 8

SEA 1750451v1 67214-1

The Ninth Circuit noted in *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005), that often determining post-*Booker* "how a district court would have proceeded had it known that the Guidelines were advisory rather than mandatory" can be difficult, because the record will not reflect that the judge would have imposed a different sentence in the absence of mandatory guidelines.

> Although on occasion a district court judge has expressed frustration with the binding nature of the Guidelines, it was very rare for a judge, within the record of an individual case, to express that view.

*Id.* at 1078-79.  Yet here just such a record exists.

The district judge indicated during Mr. Hicks' sentencing hearing that he felt bound by the mandatory nature of the Sentencing Guidelines to impose the length of imprisonment he did.  The judge made numerous remarks about how he was required to impose the Guidelines sentence and that he intended to impose the minimum.  *See, e.g.,* Sentencing Transcript at A-3 ("The guidelines require a sentence of 360 months to life.'); *id.* at A-4 ("doesn't it come down that I have to sentence within the range of 360 months to life?"; "That's what the numbers come to, and…-- I -- he's 22 years old and I'm going to wind up imposing a sentence of 360 months, that would be the minimum."); *id.* at 7 ("according to the sentencing guidelines the minimum penalty [that] can be imposed is 360 months"); *see also id.* at A-8 ("I have no alternative, I have to impose a mandatory five-year sentence consecutive to any other sentence imposed").  In addition, the judge expressed his displeasure over the duration of the sentence and emphasized that he was restricted from imposing a shorter sentence:

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 9
SEA 1750451v1 67214-1

> Mr. Hicks, it's—I really take no pleasure in imposing a sentence of this magnitude. I'm required by law to do so—which I'm required by law to do, but I want to say that, you know, your father, Aaron Beard, who is very substantially responsible for, I believe, your participation and conduct in this matter is—has been acquitted in this case. Comparing the penalty imposed on you and the fact that he's been acquitted is a matter which I have no control over, but which I must say I do regret.

Sentencing Transcript at A-9.

In light of the Guidelines being made advisory by *Booker*, the sentencing court's on-the-record comments that it felt bound by the then-mandatory Guidelines in determining the term of imprisonment, the court's reluctance to impose such a lengthy sentence, and the compelling nature of the § 3553(a) factors here, basic principles of fairness call for this Court to revisit Mr. Hicks' sentence under the current sentencing landscape. Given that that this was an extraordinary sentence for the facts of this case, as recognized by the trial judge, Mr. Hicks respectfully submits that his sentence for the conspiracy should be reduced below the sentencing range that now applies, to 150 months.

### III.   CONCLUSION

Reducing Mr. Hicks' sentence is authorized by § 3582(c)(2), and supported by the factors listed in § 3553(a). Mr. Hicks therefore respectfully requests that this Court reduce his term of imprisonment.

1  DATED this 6th day of February, 2006.

2
3                                   DAVIS WRIGHT TREMAINE LLP

4
                                    By: s/ Lissa W. Shook
5                                       LISSA W. SHOOK
                                        1501 Fourth Avenue
6                                       2600 Century Square
                                        Seattle, Washington 98101-1688
7                                       Telephone: (206) 622-3150
                                        Facsimile:  (206) 628-7699
8                                       e-mail:  lissashook@dwt.com
                                        Washington State Bar No. 35179
9
10

11
                                    By: s/ Robert K. Stewart (consent)
12                                      ROBERT K. STEWART
                                        Suite 800
13                                      701 West Eighth Avenue
                                        Anchorage, Alaska 99501-3468
14                                      Telephone: (907) 257-5300
                                        Facsimile:  (907) 257-5399
15                                      e-mail:  bobstewart@dwt.com
                                        Alaska Bar No. 8506082
16
17                                  Attorneys for Defendant Aaron Hicks.

18
19
20
21
22
23
24
25
26

DEFENDANT'S REPLY TO PARTIAL NON-OPPOSITION – 11

SEA 1750451v1 67214-1

**CERTIFICATE OF SERVICE**

I, Lissa W. Shook, hereby certify that on the 6th day of February, 2006, I filed the foregoing **REPLY TO THE UNITED STATES' PARTIAL NON-OPPOSITION TO DEFENDANT'S MOTION TO REDUCE THE TERM OF IMPRISONMENT** with the Clerk of the U.S. District Court for the District of Alaska at Anchorage, which will send notification of such filing to the following:

- **David A. Nesbett**
  david.nesbett@usdoj.gov, christina.sherman@usdoj.gov

- **Lissa W. Shook**
  lissashook@dwt.com

- **Robert K. Stewart**
  bobstewart@dwt.com

And, I certify that on February 6, 2006, a true and correct copy of the foregoing document was served via first class mail postage prepaid addressed to:

Tim Burgess
U.S. Attorney's Office
222 W. 7th Avenue, #9
Anchorage, AK 99513-7567

        s/ Lissa W. Shook
        Lissa W. Shook
        1501 Fourth Avenue
        2600 Century Square
        Seattle, Washington 98101-1688
        Telephone: (206) 622-3150
        Facsimile:  (206) 628-7699
        E-mail:  lissashook@dwt.com
        Washington State Bar No. 35179