# Exhibit A

FILED

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

AUG 16 1993

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

UNITED STATES OF AMERICA,  )
                          )
            Plaintiff,    )    Case No. A93-002-4 CR
                          )
v.                        )
                          )    Anchorage, Alaska
AARON HICKS,              )    July 7, 1993
                          )    10:00 o'clock a.m.
            Defendant.    )
                          )
                          )    IMPOSITION OF
_____)    SENTENCE

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JAMES M. FITZGERALD
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiff:      MARK ROSENBAUM, ESQUIRE
                        STEPHAN COLLINS, ESQUIRE
                        U.S. ATTORNEY'S OFFICE
                        222 W. 7th Avenue, No. 9
                        Anchorage, Alaska 99513
                        (907) 271-5071

For the Defendant:      MOSHE ZOREA, ESQUIRE
                        7540 East 17th Avenue
                        Box 212043
                        Anchorage, Alaska 99521
                        (907) 337-7741

Court Recorder:         PATTY DEMETER
                        U.S. DISTRICT COURT
                        222 West 7th Avenue, No. 4
                        Anchorage, Alaska 99513-7564
                        (907) 271-3235

Transcription Service:  AURORA COURT REPORTING
                        5109 Caribou
                        Anchorage, Alaska 99508
                        (907) 276-4188

Proceedings recorded by electronic sound recording.
Transcript produced by transcription service.
                    AURORA COURT REPORTING

1          <u>ANCHORAGE, ALASKA - WEDNESDAY, JULY 7, 1993</u>

2    (On Record at 10:00 o'clock a.m.)

3         (Call to Order of the Court)

4              THE CLERK:  Please be seated.

5              THE COURT:  (indiscernible).

6              MR. ROSENBAUM:  Good morning, Judge.

7              THE COURT:  Call the case.

8              THE CLERK:  Case A93-002, <u>United States of America</u>

9    <u>versus Aaron Hicks.</u>

10             THE COURT:  For sentencing.  Mr. Zorea, I understand

11   that there's a question concerning accountability at-- for the

12   defendant Hicks at Square 89 Apartments, Anchorage, Alaska.

13   I was just checking my notes and I had some difficulty loca-

14   ting that part of Wiley's testimony, but I have found from the

15   Probation Officer who conducted the investiga-- the Presen-

16   tence Report, or made the-- prepared the Presentence Report,

17   that the deduction of the 2,500 grams would not make any

18   difference in that, and the base offense level would remain at

19   38 in any event.  Mr. Rosenbaum, do you have anything to add?

20             MR. ROSENBAUM:  No, Judge, just that the record

21   should be clear that whether we count Square 89 or whether we

22   don't, the calculation would be the same, we agree.

23             THE COURT:  The total base offense level is 42.  The

24   guidelines require a sentence of 360 months to life.  The de-

25   fendant is not in any position to pay a fine.  I've reviewed

AURORA COURT REPORTING

3

1   the Presentence Report.   No restitution is involved.   So

2   doesn't it come down that I have to sentence within the range

3   of 360 months to life?

4                MR. ZOREA:  Yes.  Unfortunately, Your Honor, I think

5   that that's true.  This is a case where I think a court's in-

6   dividual discretion, looking at this defendant, would warrant

7   a sentence lower than that, but I believe having gone through

8   it pretty thoroughly that that's what the numbers add up to

9   and there is--

10                THE COURT:  That's what the numbers come to, and--

11                MR. ZOREA:  Yeah.

12                THE COURT:  -- I-- he's 22 years old and I'm going

13   to wind up here imposing a sentence of 360 months, that would

14   be the minimum.

15                MR. ZOREA:  It's really tragic in view of the fact

16   he made it through high school, his juvenile years, no record

17   and then takes a wrong fork in the road and gets lured to the

18   phoney business of-- of drugs, and here he is the rest of his

19   adult life pretty well pigeonholed, so we-- there's not a lot

20   that we can say one way or another because I don't think

21   there's, as Your Honor has indicated, that there's anything

22   that can be done other than the 360 months which we think, of

23   course, would be the appropriate sentence given the options

24   that the court has.

25                THE COURT:  Mr. Rosenbaum, do you have any sentenc-

                        AURORA COURT REPORTING

4

1  ing comments?

2      MR. ROSENBAUM: We don't disagree, Judge, that we're

3  all here bound by the determination by Congress through the

4  delegation of the Sentencing Commission, the only thing that

5  needs to be added that has not been commented on thus far is

6  something where another question of non-discretion for all of

7  us and that's the additional 60 months for the 924(c). So

8  we're in a posture where it's 360 would be the minimum sen-

9  tence for the drug counts, plus 60 months for the 924(c), for

10  a total of 420 months imprisonment.

11      THE COURT: Very well. Mr. Zorea, any further

12  comments?

13      MR. ZOREA: No, I can't argue against that either,

14  Your Honor. That's pretty clear in the law that it is to be

15  consecutive.

16      THE COURT: Very well. Mr. Hicks, do you-- do you

17  wish to make a statement to the court?

18      MR. ZOREA: Not beyond what I have, Your Honor.

19      THE COURT: Mr. Hicks, do you wish to make a state-

20  ment to the court?

21      MR. HICKS: No, sir.

22      THE COURT: You may stand. I find you guilty in

23  accordance with the verdict of the jury of a conspiracy, in

24  violation of 21 USC Section 846. The penalty provided by the

25  statute is ten years to life and a fine of up to four million

DECLARATION OF LISSA W. SHOOK (A93-002-4 CR)  EXHIBIT A - 5

1    dollars.  I find you guilty of Count II, conspiracy to produce

2    false identification in violation of 18 USC 371 and 18 USC

3    1028.   The penalty provided is up to five years, a fine of

4    $250,000.00.

5        I find you guilty of Count IV in accordance with the ver-

6    dict of the jury.  Distribution and possession of crack co-

7    caine with intent to distribute in violation of 21 USC Section

8    841.  The penalty provided by law is five to 40 years, a fine

9    of up to two million dollars.

10       I find you guilty in accordance with the verdict of the

11   jury to Count V, maintaining a place for drug distribution, in

12   violation of 21 USC Section 856.  The penalty provided by law

13   is up to 20 years, a fine of up to $500,000.00.

14       I find you guilty of Count VIII, use of firearms in re-

15   lation to drug trafficking, in violation of 18 USC Section

16   924, subpart (c).  The mandatory sentence of not less than

17   five years which is required to run consecutive to any other

18   sentence imposed, and a fine of up to $250,000.00.

19       I find you guilty of Count XIII in accordance with the

20   verdict of the jury, distribution and possession of crack

21   cocaine with intent to distribute, in violation of 21 USC

22   Section 841.  The penalty provided by law is five to 40 years,

23   a fine of up to two million dollars.

24       I find you guilty of Count XIV in accordance with the

25   verdict of the jury, maintaining a place for drug trafficking,

AURORA COURT REPORTING

1  in violation of 21 USC Section 856.  The penalty is up to 20

2  years, a fine of $500,000.00-- up to $500,000.00.

3      I find you guilty of Count XVI, maintaining a place for

4  drug trafficking, in violation of 21 USC Section 856.   A

5  finding of guilty is in accordance with the verdict of the

6  jury.  The penalty provided by law is up to 20 years, a fine

7  of up to $500,000.00.

8      I find you guilty of Count XXIII, in accordance with the

9  verdict of the jury, use of pagers in relation to drug

10 trafficking in violation of 21 USC Section 843.  The penalty

11 is up to four years, a fine of up to $250,000.00.

12     I find you guilty of Count XXVIII, in accordance with the

13 verdict of jury, maintaining a place for drug trafficking in

14 violation of 21 USC Section 843.  The penalty provided by law

15 is up to 20 years, a fine of up to $500,000.00.

16     I find and conclude that the base offense level is 38,

17 that by reason of the use of-- of weapons there must be a two-

18 level increase, that your role in the offense was an organ-

19 izer/manager and supervisor at various crack houses, it re-

20 quires an upward level of two.  The adjusted offense level is

21 42, the -- according to the sentencing guidelines the minimum

22 penalty can be imposed is 360 months.

23     I'm required, in addition to imposing a sentence of 360

24 months incarceration, a special release of not less than five

25 years, and I impose a special release subject to conditions

DECLARATION OF LISSA W. SHOOK (A93-002-4 CR)  EXHIBIT A - 7

1   that you not at any time possess any firearm or any narcotics

2   or dangerous drugs.  Those will be special conditions imposed.

3         I find that no restitution is required and that you're

4   unable to-- to pay any fine.  The-- I'm required to impose a

5   assessment of $500.00 or $50.00 for each conviction of a

6   felony.  The clerk will enter the appropriate judgment, the

7   defendant will now be remanded to the custody of the United

8   States Marshal and execution of the sentence.

9         MR. ROSENBAUM:  Judge, the imposition on 924(c), I

10  think needs to be done--

11        THE COURT:  I'm sorry?

12        MR. ROSENBAUM:  The 924(c) needs to be done

13  separately, I believe, Your Honor.  That would be 60 months on

14  top of that.  Unless the court was thinking about doing it

15  count by count.

16        THE COURT:  924(c) requires a mandatory five-year

17  sentence.  That is-- I have no alternative, I have to impose

18  a mandatory five-year sentence consecutive to any other sen-

19  tence imposed.  And that will be ordered.  The clerk will pre-

20  pare the judgment.  Anything else?

21        MR. ROSENBAUM:  I take it the court's judgments on

22  the other counts of conviction to run concurrent with Count I

23  with the exception of the 924(c)?

24        THE COURT:  All the-- all the sentences will run

25  concurrent except the sentence on Count VIII, which is the 924

8

1  subpart (c).

2          MR. ROSENBAUM:  Thank you, Judge.

3          THE COURT:  Mr. Hicks, it's -- I really take no

4  pleasure in imposing a sentence of this magnitude.  I'm re-

5  quired by law to do-- which I'm required by law to do, but I

6  want to say that, you know, your father, Aaron Beard, who is

7  very substantially responsible for, I believe, your participa-

8  tion and conduct in this matter is-- has been acquitted in

9  this case.  Comparing the penalty imposed upon you and the

10  fact that he's been acquitted is a matter which I have no

11  control over, but which I must say I do regret.

12      The defendant is now remanded to the custody of the

13  United States Marshal and execution of the sentence.

14          THE CLERK:  This court now stands in recess subject

15  to call.

16  (Court Recessed at 10:13 o'clock a.m.)

17

18

19

20

21

22

23

24

25

AURORA COURT REPORTING

1           <u>CERTIFICATE</u>

2     I hereby certify that the foregoing is a correct

3 transcript from the record of proceedings in the above-

4 entitled matter.

5

6     Audrey K. Krovchuk, Court Reporter    <u>August 6, 1993</u>
                                                         Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                          AURORA COURT REPORTING