```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
          vs.                      )
                                   )
AARON BEARD, et al.,               )
                                   )
                    Defendants.    )
_____)
                                   )    No. 3:93cr0002-HRH
This Order Pertains to:            )
                                   )
AARON HICKS (D-04)                 )
_____)
```

O R D E R

Motion to Reduce Sentence

      Defendant Aaron Hicks moves to reduce the term of imprisonment imposed by this court on the basis of 18 U.S.C. § 3582(c)(2).[1]  As a general proposition, the Government does not oppose this motion.[2]

      The court is tentatively of the view that Hicks' motion is well taken, and that he is entitled to a reduction of his sentence as authorized by Section 3582(c)(2) and USSG § 1B1.10(a) because of Sentencing Commission Guideline Amendment No. 599, which

---

    [1]    Clerk's Docket No. 931.

    [2]    Clerk's Docket No. 935.

amended the application notes to USSG § 2K2.4. The amendment appears to justify deletion of a two-level upward adjustment in defendant's offense level because of the involvement of weapons in connection with the underlying drug trafficking offense.

Plaintiff's initial motion seeks to have the court reduce Hicks' sentence for the drug trafficking offense to 292 months; and, in a footnote, somewhat obscurely requests leave for an opportunity to brief the effect of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), in the event the court grants the instant motion. Because Hicks appears entitled to the sentence adjustment in question without reference to Booker, the court was uncertain as to what counsel had in mind. The Government in substance acquiesced in the sentence reduction, but balked at the need for any discussion of Booker. The purpose behind reference to Booker became manifest in Hicks' reply memorandum.[3] In his reply memorandum, Hicks seeks a further, unspecified, downward adjustment of his sentence with reference to the provisions of 18 U.S.C. § 3553(a), relying upon Booker.[4] The Government has not had an opportunity to respond to these arguments.

Rather than refuse consideration of new matters raised by Hicks in his reply memorandum, the court solicits from the Government a surreply addressing the new matters raised by Hicks in

---

[3] Clerk's Docket No. 937.

[4] See Local Rule 7.1(b), which provides that "a reply memorandum by the party initiating a motion is optional, and, if filed, must be restricted to rebuttal of factual and legal arguments raised in the opposition."

his reply memorandum.  This surreply will please be served and filed on or before February 20, 2006.

Unless either Hicks or the Government has a different view of the following, it is the court's intention, if it determines to grant Hicks' motion as originally made — that is, to reduce the drug trafficking sentence to 292 months, followed by a 60-month sentence for a weapons offense — to enter an amended judgment without any further proceedings.  However, if the court becomes convinced that some other adjustment to Hicks' sentence should be considered, it is the court's perception that it will be necessary to have Hicks returned to the District of Alaska for a resentencing hearing.

DATED at Anchorage, Alaska, this  10th  day of February, 2006.

/s/ H. Russel Holland
United States District Judge