DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>AARON HICKS,<br><br>    Defendants. | Case No. 3:93-cr-00002-HRH<br><br>**UNITED STATES' SECOND RESPONSE TO DEFENDANT'S MOTION TO REDUCE THE TERM OF IMPRISONMENT UNDER 18 U.S.C. § 3582(c)(2)** |

I. Introduction

The United States, by and through counsel, hereby responds to the defendant's reply to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(2).

In its opposition, the government acquiesced in substance to the defendant's motion to reduce his sentence. In his reply memorandum, however, Hicks seeks a

further downward adjustment of his sentence with reference to the provisions of 18 U.S.C. § 3553(a), relying on United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005). Defendant's Reply at 7-9.[1] The court has solicited from the government a surreply addressing this new matter raised by the defendant in his reply memorandum.[2] The defendant is not entitled to a de novo resentencing; the government, therefore, opposes the defendant's request to reduce further his sentence.

II.   Argument

A proceeding under 18 U.S.C. § 3582(c)(2) does not constitute a de novo resentencing and all original sentencing determinations remain unchanged except the guideline range that was amended. First, the language of § 1B1.10 requires the district court to "consider the term of imprisonment that it would have imposed had the amendment[ ] . . . been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). Second, the commentary is clear when it states that, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. *All other guideline application decisions remain unaffected.*"

---

[1]   Clerk's Docket No. 937.

[2]   Clerk's Docket No. 942.

U.S.S.G. § 1B1.10 application note 2 (emphasis added).  Mr. Hicks seeks relief under Amendment 599, which is one of the amendments listed in U.S.S.G. § 1B1.10(c).  "The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants.  The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence [and] *does not authorize a reduction in any other component of the sentence.*"  U.S.S.G. § 1B1.10 background (emphasis added).

Thus, three circuits have held that the court may not depart downward based on factors unrelated to the retroactive amendment at the resentencing hearing.  See United States v. Jordan, 163 F.3d 1, 5 (1st Cir. 1998) (holding that a § 5K2.0 motion for downward departure that was not available at the time of the defendant's original sentencing cannot be considered at a § 3582(c)(2) resentencing by the very terms of the guideline); see  United States v. Hasan, 245 F.3d 682, 687 (8th Cir. 2001) (en banc) (the district court erred in its determination that the factors in § 3553(a) and the § 5K2.0 departure policy statements of the Sentencing Commission could be used to *additionally* reduce the defendant's

sentence below the newly available sentencing range by entertaining a totally new downward departure motion outside the bounds of a § 3582(c)(2) resentencing based on post-original sentencing conduct); see United states v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) ("This circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing. . . . . A district court's discretion has, therefore, clearly been cabined in the context of a Section 3582(c) sentencing reconsideration.").

The Ninth Circuit is in accord. In United States v. Stockdale, 129 F.3d 1066, 1068-69 (9th Cir. 1997), amended on denial of reh'g, 139 F.3d 767 (9th Cir. 1998), the court held that there was no error in the district court's refusal to consider a safety valve reduction along with the reduction permitted under the amendment. The court concluded that modification of the defendant's sentence, based on amendments to the Sentencing Guidelines' drug weight equivalencies, did not amount to a new sentencing for purposes of the safety valve statute. "[T]he safety valve statute applies during sentencing, not in subsequent reduction proceedings." Id. at 1068.

Finally, and perhaps more specifically to the point, the Third Circuit in United States v. McBride, 283 F.3d 612 (3rd Cir. 2002), has held that a defendant's

Apprendi claim was outside the scope of the sentencing modification to which the defendant was entitled. In rejecting the defendant's argument, the court concluded that the retroactive amendment merely replaces the provision it amended and, therefore, the Guidelines in effect at the time of the original sentence are applied. Id. at 615. The court further distinguished between a "full resentencing" and a reduction of sentence under Section 3582(c). "Wholly aside from the fact that there was no Apprendi at the time of the original sentencing, constraining a court's consideration to the retroactive amendment at issue is consistent with the focused nature of a proceeding under § 3582." Id. at 615; accord United States v. Smith, 241 F.3d 546 (7th Cir. 2001).

Here, the government agrees that the Ninth Circuit has held that the advisory guidelines regime is to be used for resentencing after Booker. Hicks further argues, however, that "where a court is imposing a new lower sentence pursuant to § 3582(c)(2), the Guidelines similarly should be treated as being advisory." Defendant's Reply at 8.[3]

Hicks' argument does not follow. Whether considered a "resentencing" or a "modification", a motion filed under § 3582(c) seeking a reduction of sentence based on a retroactive change in the Guidelines is merely a form of limited

---

[3] Clerk's Docket No. 937.

remand.  Hicks' Booker argument is not authorized by § 3582(c) because it is unrelated to any change in the Guidelines.  Furthermore, this result makes sense.  Allowing a defendant a de novo resentencing would often reward those defendants who were at one time eligible for a sentencing enhancement and, thus, could potentially lead to a sentencing disparity among defendants of the same ilk.

III.   Conclusion

Based on the foregoing, the defendant is eligible for a reduction in sentence pursuant to Amendment 599 of the Sentencing Guidelines, which would alter his sentencing range for the drug trafficking offense to 292-365 months from 360 months to life imprisonment.  The defendant, however, is not entitled to retroactive application of Booker to a de novo resentencing.

RESPECTFULLY SUBMITTED this 21st day of February, 2006, in Anchorage, Alaska.

DEBORAH M.SMITH
Acting United States Attorney

s/David Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2006,
a copy of the foregoing was served by electronic mail on:

Lissa W. Shook
Robert K. Stewart Jr.

s/ David A. Nesbett