IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AARON BEARD, et al., ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> This Order Pertains to: ) <br> ) <br> AARON HICKS (D-04) ) <br> _____) | No. 3:93cr0002-HRH |

O R D E R

Motion to Reduce Sentence

     Relying upon 18 U.S.C. § 3582(c)(2), defendant Aaron Hicks moves to reduce the term of imprisonment imposed by this court.[1] The Government does not oppose the motion for a sentence reduction based upon an amendment (Amendment 599) to the application notes to USSG § 2K2.4, approved by the United States Sentencing Commission. The Government does oppose any further

---

    [1]    Clerk's Docket No. 931.

downward adjustment of Hicks' sentence with reference to 18 U.S.C. § 3553(a) factors and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).[2]

Section 3582(c)(2) of Title 18, United States Code, provides in pertinent part that:

> The court may not modify a term of imprisonment once it has been imposed except that —
>
> ....
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

By Amendment 599, the United States Sentencing Commission, effective November 1, 2000, adopted a revised application note 2 as to USSG § 2K2.4. This revision in substance tells the court that where a statutory sentence is imposed pursuant to 18 U.S.C. § 924(c), it should not apply any specific offense characteristic for possession of a firearm in fixing the sentence for a related drug offense.

---

[2] Clerk's Docket No. 943. Because Hicks' reply memorandum (Clerk's Docket No. 937) raised for the first time the issue of a sentence reduction based upon considerations other than 18 U.S.C. § 3582(c)(2), the court called upon the Government to file a further response to Hicks' motion, and that further response is found at Clerk's Docket No. 943.

Hicks was sentenced on July 7, 1993, for violations of 18 U.S.C. § 371 and 21 U.S.C. §§ 841, 843, 846, and 856, conspiracy to distribute and distribution of crack cocaine, conspiracy to produce false identification, use of pagers in relation to drug trafficking, and maintaining a place for drug trafficking (the underlying offenses). Hicks was also sentenced for violating 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a drug trafficking crime.

In constructing the sentence for the underlying offenses, the court applied a two-level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1). The presentence report placed Hicks' base offense level at 38, added a two-level role-in-the-offense adjustment, and the two-level firearm adjustment for a total offense level of 42, and calculated Hicks' criminal history category to be I. The sentencing judge plainly adopted these findings in fixing Hicks' guideline range for imprisonment on the underlying offenses at 360 months to life. In its initial sentencing of Hicks on the underlying charges, the court imposed the minimum guideline sentence of 360 months. In light of the foregoing, the court is prepared to enter an amended judgment, reducing Hicks' sentence for the underlying offenses from 360 months to 292 months. Hicks' total offense level is now 40. His criminal history category is still I; and, therefore, his guideline range for imprisonment based upon USSG § 5A is 292 months to 365 months.

In responding to Hicks' motion, the Government concedes that, as a result of Amendment 599, the applicable sentencing range for Hicks' underlying offenses has been lowered by the Sentencing Commission, and that the revised calculation of Hicks' guideline sentence after application of Amendment 599 is 292 to 365 months.[3]

By his reply memorandum, Hicks focuses upon that portion of Section 3582(c)(2) which provides that where, as here, a guideline range has been reduced by the Sentencing Commission, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable."  Hicks contends here that there are applicable Section 3553(a) factors.  However, there is more to the critical terms of Section 3582(c)(2) than that last quoted above.  The statute goes on to provide for a sentence reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  For its part, the Government contends that USSG § 1B1.10(b) requires this court to "consider the term of imprisonment that it would have imposed had the amendment ... been in effect at the time the defendant was sentenced."  The Government also relies upon the Sentencing Commission commentary, which expressly provides that:

> the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced.  All other

---

[3]  Partial Non-Opposition to Motion to Reduce Term of Imprisonment at 2, Clerk's Docket No. 935.

>    guideline application decisions remain unaffected.

USSG § 1B1.10, application note 2.

The Government concedes the obvious — that Amendment 599 is expressly listed in USSG § 1B1.10(c).  Finally, the Government points out that the "Background" portion of the Commentary to USSG § 1B1.10 states:

>    The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

In short, Hicks contends that he is in substance entitled to a new sentencing hearing wherein the full scope of sentencing factors set out by 18 U.S.C. § 3553(a) are in play; and the Government contends that on motion pursuant to 18 U.S.C. § 3582(c)(2), the court's sentencing authority is cabined by the concluding conditional clause of Section 3582(c)(2), which requires that a new sentence be "consistent with applicable policy statements issued by the Sentencing Commission."

The court concludes that Hicks is entitled to no more reduction in his sentence for the underlying offenses than that set out above which flows from Amendment 599 to the Sentencing Commission guidelines.  Hicks in substance seeks a new sentencing based upon Section 3553(a) factors and <u>Booker</u>.  Section 3582(c)(2) does not entitle Hicks to a new sentencing.  <u>United States v.</u>

Stockdale, 129 F.3d 1066, 1068 (9th Cir. 1997), amended on denial of reh'g, 139 F.3d 767 (9th Cir. 1998).

Booker, of course, rendered the guidelines of the Sentencing Commission advisory rather than mandatory. However, Booker does not apply retroactively. See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005). It does not impact sentences that became final prior to January 12, 2005. Just as the defendant in Stockdale was not entitled to have the then new safety valve provision of 18 U.S.C. § 3553(f) applied retroactively in his case of resentencing under 18 U.S.C. § 3582(c)(2), so too Hicks is not entitled to an otherwise unavailable retroactive application of Booker.

In consideration of the foregoing, the court concludes that it has the authority to reduce Hicks' sentence so as to give effect to Amendment 599 to the Sentencing Commission guidelines, but that it has no authority — that neither Section 3582(c)(2) nor Booker authorizes the court — to ignore the USSG § 1B1.10 policies discussed hereinabove that were in effect at the time of Hicks' original sentencing. What Hicks seeks would not be consistent with applicable policy statements issued by the Sentencing Commission as of the time of his original sentencing; and, therefore, what Hicks seeks is beyond the authority given the court by Congress when it enacted 18 U.S.C. § 3582(c)(2).

Hicks' motion for a reduced term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is granted in part. The clerk of court shall prepare an amended judgment, reducing the sentence of

imprisonment imposed from 360 months to 292 months as to Counts 1, 2, 4, 5, 13, 14, 16, 23, and 28.  As in the initial judgment, that term of imprisonment shall be followed by a consecutive 60-month term of imprisonment as to Count 8.  In all other respects, the court's judgment shall remain as originally imposed.  Hicks' motion for an additional reduction of his sentence is denied.

      DATED at Anchorage, Alaska, this __28th__ day of February, 2006.

                                          /s/ H. Russel Holland
                                          United States District Judge