UNITED STATES DISTRICT COURT
District of Alaska

UNITED STATES OF AMERICA

V.

AARON HICKS

AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:93-CR-00002-04 HRH

**Lissa W. Shook**
Defendant's Attorney

THE DEFENDANT:
[ ] Pleaded guilty to count(s) ______
X Was found guilty on counts **1, 2, 4, 5, 8, 13, 14, 16, 23 and 28** after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| **21 USC § 846** | **Conspiracy in Relation to Crack** | | **1** |
| | **Cocaine Distribution** | **1/13/1993** | |
| | **Conspiracy to Produce False** | | **2** |
| **18 USC § 371** | **Identification Distribution and** | **1/13/1993** | **4 & 13** |
| **21 USC § 841** | **Possession of Crack with Intent** | **9/23/1991** | |
| | **to Distribute** | | **5, 14, 16 & 28** |
| **21 USC § 856** | **Maintaining a Place for Drug** | **12/7/1991** | **23** |
| **21 USC § 843** | **Trafficking Use of Pagers in** | | |
| | **Relation to Drug Trafficking** | **5/5/1992** | **8** |
| **18 USC § 924** | | | |
| | **Firearms in Relation to Drug** | | |
| | **Trafficking** | **3/13/1992** | |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on count(s) __, and is discharged as to such count(s).
[] Count(s) ______ (are) dismissed on the motion of the United States.
X It is ordered that the defendant shall pay a special assessment of $ 500.00, for counts 1, 2, 4, 5, 8, 13, 14, 16, 23, & 28 which shall be due X immediately [] as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN: **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**

Defendant's Date of Birth: **2/1/1971**

Defendant's Mailing Address:

**Cook Inlet Pretrial Facility**
**Anchorage, AK**

Defendant's Residence Address:

______
______
______

**February 28, 2006**
Date of Imposition of Sentence

REDACTED SIGNATURE
Signature of Judicial Officer

**H. Russel Holland, U.S. District Judge**
Name & Title of Judicial Officer

3/2/06
Date

Defendant: **Aaron Hicks**
Case Number: **3:93-CR-00002-04 HRH**



IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Two hundred ninety two (292) months as to counts 1,2, 4, 5, 13, 14, 16, 23 and 28 to run concurrent. Court further imposes a term of imprisonment of sixty (60) months as to count 8 to run consecutive with the term imposed on counts 1, 2, 4, 5, 13, 14, 16, 23 and 28 for a total of three hundred fifty two (352) months.**

[] The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district,

[] at (am)(pm) on
[] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

[] before 2 p.m. on .
[] as notified by the United States marshal.
[] as notified by the probation office.

RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

Defendant delivered on ____________ to ______________________

at ______________________, with a certified copy of this judgment.

______________________
United States Marshal

By ______________________
Deputy Marshal

SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X The defendant shall not possess a firearm or destructive device or illegal controlled substance, including marijuana.

X The defendant shall not possess any narcotics or dangerous drugs.

SEE NEXT PAGE FOR ADDITIONAL SPECIAL CONDITIONS IMPOSED

STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.