# EXHIBIT B

RECEIVED

MAR 1 2 2007

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br>v.<br>AARON HICKS,<br>*Defendant-Appellant.* | No. 06-30193<br>D.C. No.<br>CR-93-00002-4-<br>a-HRH<br>OPINION |
|---|---|

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Chief District Judge, Presiding

Argued and Submitted
December 5, 2006—Seattle, Washington

Filed January 11, 2007

Before: Betty B. Fletcher and M. Margaret McKeown,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge B. Fletcher

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

321

324                    UNITED STATES v. HICKS

### COUNSEL

Robert K. Stewart, Davis Wright Tremaine LLP, Anchorage, Alaska, Lissa W. Shook, Davis Wright Tremaine LLP, Seattle, Washington, for the defendant-appellant.

Deborah M. Smith, Assistant United States Attorney, Anchorage, Alaska, for the plaintiff-appellee.

### OPINION

B. FLETCHER, Circuit Judge:

In this appeal, we consider whether *United States v. Booker*'s requirement that the district courts treat the United States Sentencing Guidelines as advisory applies to the resentencing of defendants pursuant to 18 U.S.C. § 3582(c). *See United States v. Booker*, 543 U.S. 220, 245-46 (2005). We hold that it does. Because the district court considered the Guidelines mandatory when resentencing appellant Aaron Hicks, we vacate his sentence and remand to the district court for further proceedings.

### I. *FACTS*

Aaron Hicks was convicted and sentenced in 1993 for conspiring to distribute crack cocaine and for maintaining a place for drug trafficking, in violation of 21 U.S.C. §§ 841, 843, 846, and 856, and 18 U.S.C. §§ 371 and 1028. Hicks was also convicted of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The Presentence Report ("PSR") calculated a base offense level of 38. It was increased two points for his role in the conspiracy and two additional points for his possession of a firearm in the course of drug trafficking.[1] Combining the

---

[1] The latter enhancement would ultimately prove to be the catalyst for this appeal.

UNITED STATES v. HICKS     325

adjusted offense level of 42 with Hicks's Category I criminal history score yielded a Guideline range of 360 months to life. The PSR also recommended a consecutive 60-month sentence for the firearm violation. The district court adopted the PSR's recommendations and sentenced Hicks, who was 22 at the time, to 420 months in prison.

At sentencing, the court noted its distaste for the length of the sentence imposed:

> Mr. Hicks, it's — I really take no pleasure in imposing a sentence of this magnitude. I'm required by law to do — which I'm required by law to do, but I want to say that, you know, your father, Aaron Beard, who is very substantially responsible for, I believe, your participation and conduct in this matter is — has been acquitted in this case. Comparing the penalty imposed upon you and the fact that he's been acquitted is a matter which I have no control over, but which I must say I do regret.

Tr. of Sentencing Hr'g, July 7, 2003, at 8.

Effective November 1, 2000, the Sentencing Commission adopted Amendment 599, an explicitly retroactive amendment that modified the Guidelines applicable to § 924(c) offenses.[2] U.S. Sentencing Guidelines Manual § 2K2.4 [hereinafter USSG], cmt. n.2 (2000); USSG § 1B1.10(a) & (c). The amended application note states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence

---

[2]This adoption was made pursuant to 28 U.S.C. § 994(o), as required by 18 U.S.C. § 3582(c)(2).

326        UNITED STATES v. HICKS

for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 . . . .

USSG § 2K2.4, cmt. n.2 (2000). Amendment 599 eliminated Hicks's two-level enhancement for firearm possession because the firearm originally used to enhance his sentence had also been a part of the offense that constituted his § 924(c) conviction. Without this enhancement, Hicks's offense level would have been 40, resulting in a Guidelines range of 292 to 365 months. USSG ch. 5, pt. A.

Following the adoption of Amendment 599, but before Hicks moved to reduce his sentence, the Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005). On December 7, 2005, Hicks moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that his possession of a firearm led to both a two-level weapon enhancement and a mandatory consecutive sentence under § 924(c). Hicks expressly reserved the right to brief the impact of *Booker* on any ensuing sentencing calculation, should the court choose to grant his motion.

The government filed a partial non-opposition to Hicks's motion, agreeing that the two-level reduction was appropriate but opposing his *Booker* request. In the government's opinion, *Booker* had no effect on a § 3582(c)(2) sentence reduction proceeding. Hicks filed a brief in response, arguing that *Booker* gave the court discretion to impose a sentence below the applicable Guideline range, and that the court should resentence Hicks to a 150-month term. At the court's behest, the government filed a sur-reply in which it argued that a further reduction in Hicks's sentence would be inconsistent with applicable policy statements in the Guidelines.

UNITED STATES v. HICKS   327

After considering the briefing from both sides, the district court reduced Hicks's sentence to 292 months but rejected defendant's *Booker* argument, asserting that a further reduction was inconsistent with the policy statements and beyond the court's authority. Hicks appeals this determination.

## II. DISCUSSION

This case presents the court with two related questions.[3] First, it requires us to decide whether § 3582(c)(2) proceedings fall within the scope of *Booker*. Second, if they fall within *Booker*'s ambit, it raises the question of whether policy statements by the Sentencing Commission nonetheless preclude the application of *Booker* to § 3582(c)(2). Because *Booker* abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable policy statement, we reverse the district court and hold that *Booker* applies to § 3582(c)(2) proceedings.

### A. Applicability of *Booker* to § 3582(c)(2)

[1] As a general matter, courts may not alter a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c); *United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002) ("District courts do not have inherent authority to resentence defendants at any time.") (quoting *United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990)). However, § 3582(c)(2) creates an exception

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the

---
[3] Both questions are issues of first impression, not only in the Ninth Circuit, but in any federal court of appeals.

Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[4]

18 U.S.C. § 3582(c)(2). Under this section, a district court can re-sentence a defendant, like Hicks, whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). This allows the district court to re-calculate the defendant's sentencing range using the newly reduced Guideline, and then determine an appropriate sentence in accordance with the § 3553(a) factors. *See id.* The open question is whether the district court's new Guideline calculation imposes a mandatory sentencing range or an advisory one. We believe the clear language of *Booker* makes the range advisory.

[2] *Booker* explicitly stated that, "as by now should be clear, [a] mandatory system is no longer an open choice." *Booker*, 543 U.S. at 263; *see also id.* at 264 (noting that district courts are "not bound to apply the Guidelines"). Although the Court acknowledged that Congress had intended to create a mandatory Guidelines system, *Booker* stressed that this was not an option: "[W]e repeat, given today's constitutional holding, [a mandatory Guideline regime] is not a choice that remains open. . . . [W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress enacted into law." *Id.* at 265. The Court never qualified this statement, and never suggested, explicitly or implicitly, that the mandatory Guideline regime survived in any context.

---

[4] Other exceptions are created by 18 U.S.C. §§ 3582(c)(1)(A)(i), (c)(1)(A)(ii), and (c)(1)(B). Fed. R. Crim. P. 35 also provides an exception to the general rule.

| UNITED STATES v. HICKS | 329 |
|---|---|

[3] In fact, the Court emphasized that the Guidelines could not be construed as mandatory in one context and advisory in another. When the government suggested, in *Booker*, that the Guidelines be considered advisory in certain, constitutionally-compelled cases, but mandatory in others, the Court quickly dismissed this notion, stating, "we do not see how it is possible to leave the Guidelines as binding in other cases. . . . [W]e believe that Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others, given the administrative complexities that such a system would create." *Id.* at 266. In short, *Booker* expressly rejected the idea that the Guidelines might be advisory in certain contexts but not in others, and Congress has done nothing to undermine this conclusion. Because a "mandatory system is no longer an open choice," *id.* at 263, district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2).

The government offers two arguments in opposition, but neither is persuasive. First, the government asserts that only the Sentencing Commission can grant authority for re-sentencing under § 3582(c)(2). The government notes that § 3582(c)(2) allows for re-sentencing only when "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). The government also cites *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006), for the proposition that "*Booker* does not provide a basis for a sentence reduction under § 3582(c)(2)."[5]

This position completely misapprehends appellant's argument. Hicks is not arguing that he deserves a § 3582(c)(2) re-sentencing *because* of *Booker*. His entitlement is based on 18

---

[5]*Price* itself cites similar cases from the Third, Fourth, Fifth, Seventh, and Eleventh Circuits that stand for this proposition. *Id.* at 1007 n.2. The Second Circuit has reached a similar conclusion. *See United States v. Mitchell*, 122 Fed. Appx. 539, 541 (2d Cir. 2005).

330          UNITED STATES v. HICKS

U.S.C. § 3582(c)(2), as the government concedes. Hicks argues that when the district court reconsiders his sentence pursuant to § 3582(c)(2) — a proceeding that occurred only because the Sentencing Commission lowered the applicable sentencing range — the district court should have discretion to impose a non-Guidelines sentence.

*Price*, and the other cases cited by the government, address a wholly distinct issue: whether *Booker* itself provides the requisite authority to reopen sentencing proceedings under § 3582(c). As discussed above, every court to consider this argument has rejected it because § 3582(c)(2) allows re-sentencing only when the Commission lowers an applicable Guideline. *Booker* did not lower any sentencing ranges; it simply rendered the Guidelines advisory. Here, Hicks was already eligible for a § 3582(c)(2) re-sentencing because the Sentencing Commission had lowered the applicable Guidelines range. Therefore, the government's reliance on these cases and the quoted statutory language is misplaced.

Next, the government argues that *Booker* is inapplicable because a § 3582(c)(2) proceeding is not a "full re-sentencing," but merely a modification of the defendant's sentence. *See* 18 U.S.C. § 3582(c) ("The court may not *modify* a term of imprisonment once it has been imposed except that . . .") (emphasis added). The government also cites *United States v. Stockdale*, 129 F.3d 1066 (9th Cir. 1997), for this proposition. In *Stockdale*, the court considered whether the safety valve statute, 18 U.S.C. § 3553(f) applied to § 3582(c)(2) proceedings. In determining that it did not, the court explained, "[t]he safety valve statute applies during sentencing, not in subsequent reduction proceedings."[6] Hicks counters by citing *United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995), which stated, "the purpose of a § 3582 motion is resentencing."

---

[6]The court also noted that the "inferences from grammar" undergirding its decision "might be a bit thin." *Stockdale*, 129 F.3d at 1069.

UNITED STATES v. HICKS     331

While § 3582(c)(2) proceedings do not constitute full resentencings, their purpose *is* to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines. The dichotomy drawn by the government, where full re-sentencings are performed under an advisory system while "reduction proceedings," or "modifications," rely on a mandatory Guideline system, is false. As discussed above, *Booker* excised the statutes that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some cases but not in others. *Booker*, 543 U.S. at 263-66. Mandatory Guidelines no longer exist, in this context or any other.

### B. Consistency with Applicable Policy Statements

[4] Section 3582(c)(2) permits the court to reduce a defendant's sentence after considering the § 3553(a) factors "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The government argues that applying the Guidelines in an advisory fashion is inconsistent with the policy statements set forth in USSG § 1B1.10(b), § 1B1.10 app. n.2, and § 1B1.10 cmt. background. However, none of these policy statements is applicable to the question of whether, after *Booker*, a court can go below the Guidelines' minimum when modifying a sentence under § 3582(c)(2). Further, even if they are read to address this question, they do not prohibit the application of the Guidelines in an advisory fashion. Finally, under *Booker*, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of § 3582(c)(2)), they must be void.

Section 1B1.10(b) of the Guidelines states:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a

332          UNITED STATES v. HICKS

> defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced. . . .

USSG § 1B1.10(b). Application note 2 adds:

> In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

USSG § 1B1.10 app. n.2. Finally, the "Background" portion of § 1B1.10 states, in part:

> The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

USSG § 1B1.10 cmt. background.

[5] The government argues that a departure from the Guideline ranges would contravene these policy statements primarily because it would produce an outcome which would not have been permissible in 1993, even utilizing the amended Guidelines, and because such a departure would impermissibly change application decisions which were not affected by the Guidelines amendments. However, as USSG § 1B1.10(b) states only that the court "should consider the term of imprisonment that it would have imposed had the amendment[ ] . . . been in effect" in 1993, and not that it may *only* impose that

UNITED STATES v. HICKS            333

sentence, departing from the 1993 sentence would not conflict with the language of the policy statement. Similarly, just because Hicks is not entitled to a sentence reduction as a matter of right does not mean that he may not be entitled to one as a matter of discretion.

Even if the government is correct in its assertion that all Hicks is entitled to is a removal of the two-level enhancement, the newly calculated range could still be applied in an advisory, rather than mandatory fashion. The policy statements are silent on the manner in which the modified ranges should be used. As they were enacted pre-*Booker*, they assume a mandatory Guidelines regime, but this assumption does not provide a statutory reason to treat them as mandatory when the rest of the Guidelines are now advisory.

[6] Finally, as discussed above, *Booker* makes clear that the Guidelines are no longer mandatory in *any* context — its effect is not restricted to the "de novo resentencing" which the government seeks to distinguish. *Booker* was not a mere statutory change which can be set aside to allow us to pretend it is 1993 for the purpose of modifying Hicks' sentence; rather, it provides a constitutional standard which courts may not ignore by treating Guidelines ranges as mandatory in any context. Thus, to the extent that the policy statements are inconsistent with *Booker* by requiring that the Guidelines be treated as mandatory, the policy statements must give way.

**SENTENCE VACATED AND REMANDED.**

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

MAR 08 2007

by: _____
Deputy Clerk