NELSON P. COHEN
United States Attorney

JOHN J. NOVAK
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail:john.novak@usdoj.gov
Alaska Bar # 8511184

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:93-cr-00002-HRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | <u>GOVERNMENT'S</u> |
| AARON HICKS, | ) | <u>SENTENCING</u> |
| | ) | <u>MEMORANDUM</u> |
| Defendant. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through Special Assistant United States Attorney John J. Novak, and pursuant to Local Criminal Rule 32.1 of the United States District Court for the District of Alaska as well as this court's April 9, 2007, order regarding re-sentencing, and hereby files this memorandum to assist the court in fashioning a just and proper sentence.

For the reasons discussed below, the United States respectfully asks this court to impose a concurrent term of imprisonment on Counts 1, 2, 4, 5, 13, 14, 16, 23, and 28 of <u>at least</u> 292 months and a supervised release term of five years. The United States also asks that the court impose a consecutive term of imprisonment on Count 8 of 60 months .

### I.  The Offense

As reflected by the testimony at trial and summarized in the July 2, 1993, pre-sentence report, Defendant was a "middle manager" in large scale and organized criminal enterprise devoted to trafficking in powder and crack cocaine. Defendant actively was involved in obtaining false forms of identification for use by co-conspirators, setting up "crack houses" for retail sales, fortifying the crack houses in efforts to address the inherent violence and gun play that is part and parcel of drug trafficking, assuring the delivery of wholesale amounts of drugs to the crack houses, collecting and distributing the drug sale proceeds, and using firearms in furtherance of the criminal enterprise.

### II.  The Offender

The original pre-sentence report does not provide much insight into Defendant as an offender. When viewed in light of the trial testimony, it appears

Defendant may have been involved in criminal activities with his father from an early age. More importantly, the court now - for the first time - has significant information upon which it can evaluate Defendant as an offender. The information is set forth in the April 12, 2007, supplement to the original pre-sentence report. The supplemental report's narration of Defendant's continual and significant criminal/anti-social behavior while incarcerated (28 separate incidents) leaves no doubt that he has a deeply ingrained criminal mind set, has not been deterred by the sentence previously imposed by this court from engaging in additional criminal/anti-social behavior, and is not amendable to rehabilitation.

### III. Pre-sentence Report Issues

The United States does not have any issues with or believe any corrections need to be made to the supplemental pre-sentence report.

### IV. 18 U.S.C. § 3553(a) Sentencing Factors

In its January 11, 2007, opinion, the Ninth Circuit Court of Appeals directed this court to address the 18 U.S.C. § 3553(a) sentencing factors in exercising its discretion in imposing a sentence, de novo, with the applicable guideline range being 292 to 365 months on Counts 12, 4, 5, 13, 14, 16, 23, and 28. The Ninth Circuit Court of Appeals also made clear that a consecutive 60 month term should be imposed on Count 8.

This court should afford the greatest weight to the statutory sentencing factors of deterrence of Defendant, deterrence of others, reaffirmation of societal norms, and protection of the public. Defendant has demonstrated his inamendability to rehabilitation by his anti-social/criminal behavior while incarcerated. The sentencing goal of rehabilitation therefore should be of lesser importance. The sentencing goal of a just sentence for Defendant's conduct is not compromised by imposing a sentence within the guideline range. Under our system of justice, Defendant's father must be viewed as innocent of any criminal behavior as a result of the jury's verdicts. It would be improper for this court to impose a sentence below the guideline range in this case on basis that the jury's no guilty verdicts regarding Defendant's father were ill advised. The sentencing goal of uniformity is promoted by imposing a sentence within the guideline range. An exercise in which this court properly could engage in order to promote the interests of uniformity would be to consider the sentences imposed on the co-defendants who were convicted. The United States respectfully asks this court to impose a concurrent term of imprisonment on Counts 1, 2, 4, 5, 13, 14, 16, 23, and 28 of <u>at least</u> 292 months and a supervised release term of five years. The

United States also asks that the court impose a consecutive term of imprisonment on Count 8 of 60 months .

DATED this 23rd day of April, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ John J. Novak
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: john.novak@usdoj.gov
Alaska Bar # 8511184

**CERTIFICATE OF SERVICE**
I hereby certify that on April 23, 2007,
a copy of the foregoing  was served
electronically on:

Rich Curtner
Federal Public Defender

and by fax to:
Barbara Burton
U.S. Probation Officer


s/ John J. Novak