Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:93-cr-0002-04-HRH |
| vs. | |
| AARON HICKS | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Defendant. | |

Defendant, Aaron Hicks, by and through his attorney, Rich Curtner, Federal Defender, hereby submits the following memorandum to aid the court at the imposition of sentence in this action, scheduled for April 26, 2007.

I.  INTRODUCTION

Aaron Hicks was 22 years old when sentenced to a term of 35 years (420 months) in prison by the Honorable Judge James M. Fitzgerald in 1993. Mr. Hicks was one of seventeen defendants indicted in a drug conspiracy. His father, Aaron Beard, was the lead defendant. Mr. Beard was acquitted at trial.

Aaron Hicks was not the "drug kingpin" or organizer of this conspiracy, as Judge Fitzgerald recognized at the 1993 sentencing hearing:


> Mr. Hicks, it's – I really take no pleasure in imposing a sentence of this magnitude. I'm required by law to do so – which I'm required by law to do, but I want to say that, you know, your father, Aaron Beard, who is very substantially responsible for, I believe, your participation and conduct in this matter is – has been acquitted in this case. Comparing the penalty imposed on you and the fact that he's been acquitted is a matter which I have no control over, but which I must say I do regret.

Sentencing Transcript at p. 8.

However, Aaron Hicks suffered the full brunt of this prosecution. Of his sixteen co-defendants, the second most severe sentence was imposed on Mr. Beard's close friend and "brother," the second-named defendant, Miles Ackers, who received a sentence of 11 years.

Mr. Hicks was resentenced by this court in 2006 to a composite sentence of 352 months. The Ninth Circuit Court of Appeals has remanded Mr. Hicks' case for re-sentencing under the holding of *United States v. Booker*, 543 U.S. 220 (2005). Mr. Hicks now submits this sentencing memorandum, addressing the sentencing factors of 18 U.S.C. § 3553(a) and the advisory sentencing guidelines.

Mr. Hicks submits that under the Sixth Amendment case law as developed in the *Apprendi-Blakely-Booker* line of United States Supreme Court decisions, Mr. Hicks' advisory guideline range should be 97 to 121 months on the drug charges, with an additional 60 months for the § 924(c) count, for a total range of imprisonment of 157 to 181 months. A sentence of 181 months or less would be reasonable and consistent with the sentencing factors under 18 U.S.C. § 3553(a). Mr. Hicks will be requesting a sentence within that range.

II.   18 U.S.C. § 3553(a) SENTENCING FACTORS

Title 18, United States Code, Section 3553(a), requires that this court impose a sentence sufficient, ***but not greater than necessary***, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). The following factors set forth in Section 3553(a) support a sentence in the range of 157 to 181 months.

A.   The Nature and Circumstances of the Offense

As previously indicated, Judge Fitzgerald, who presided over the trial of Aaron Hicks and Aaron Beard, recognized that Mr. Beard, Mr. Hicks' father, was "very substantially responsible for, I believe, (Mr. Hicks') participation and conduct in this matter." Mr. Beard was consistently identified as being the mastermind of the drug conspiracy. As the "Case Overview" of the presentence report states:

> This case arises out of the investigation of a conspiracy, since 1988, to distribute cocaine and "crack" cocaine by Aaron Beard and Myles Ackers.

PSR at p. 2, ¶ 5.

Aaron Hicks was described as a "middle manager," acting on behalf of his father and Mr. Ackers. PSR at p. 2, ¶ 6.

Although the overall drug conspiracy was a serious offense, Aaron Hicks' role in that offense does not merit a sentence that was originally three times that received by Ackers or any other co-defendant.

B.   The History and Characteristics of Mr. Hicks

Aaron Hicks had little guidance as a youth, especially from his father, who was briefly and intermittently involved in Mr. Hicks' childhood. Aaron Hicks moved to Alaska to live with his father after graduating from high school in Kansas City in 1989, when Aaron Beard and Myles Ackers had already established a drug distribution operation

in Alaska. Mr. Hicks had one minor criminal conviction for failure to appear on a misdemeanor charge. Mr. Hicks was particularly vulnerable and susceptible to the influences of his father.

The young man that was sentenced in 1992 was not the type of offender that would require a sentence of thirty years. That sentence has had a profound impact on Mr. Hicks. Because of the length of the sentence, Mr. Hicks has been incarcerated in the toughest prisons in the United States. In spite of the hopelessness of his situation, today Aaron Hicks accepts responsibility for his offenses and demonstrates the maturity and motivation that will help him adjust back to society as a law-abiding citizen. Mr. Hicks' letter to the court is attached as Exhibit A.

    C.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Provide Just Punishment, to Afford Adequate Deterrence, and to Protect the Public</u>

Mr. Hicks is requesting a total sentence with the range of 157 to 181 months. Any sentence approaching 15 years would still be the most severe sentence imposed on any of the 17 defendants in this case. It would be four years more than Mr. Ackers received. And, of course, 15 years more than Mr. Beard would ever have to serve.

A 13 to 15 year sentence would be sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Any sentence over 15 years would be greater than necessary to comply with the purposes of sentencing.

    D.    <u>The Applicable Guideline Range</u>

Mr. Hicks was sentenced under mandatory sentencing guidelines, in which the offense level was ultimately determined to be a level 40. At Mr. Hicks' original sentencing, Judge Fitzgerald found that the base offense level, based on estimating the amount of drugs involved in the overall conspiracy, was a level 38.

Since that sentencing determination, the United States Supreme Court has ruled that the Sixth Amendment drastically impacts sentencing determinations. Under the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), criminal defendants have the right to a jury determination of factors that increase sentencing maximums and guideline ranges. Even for those factors that are determined by the sentencing judge, the standard of proof required has changed since Mr. Hicks' sentencing.

The indictment for which Mr. Hicks was convicted did not specify any amount of drugs above a specification of "in excess of" 20 grams of cocaine base. Count 1 of the First Superseding Indictment alleges a conspiracy to distribute cocaine and crack cocaine, without alleging any amount. The only specific amounts alleged in the indictment pertaining to Mr. Hicks are set forth in Count 4 ("in excess of 5 grams of a mixture and substance containing cocaine base") and in Count 13 ("approximately 15 grams of . . . 'crack cocaine'").

The jury instructions at Mr. Hicks' trial only required the jury to find beyond a reasonable doubt a "detectible amount" of controlled substances. The jury returned "general" verdicts; there were no "special verdicts" finding Mr. Hicks guilty of distributing any amounts of controlled substances, or even distinguishing "cocaine" from "crack."

The base offense level of 38 at Mr. Hicks' original sentencing was based on "relevant conduct," supported by the testimony of co-defendants or drug amounts estimated from amounts of currency alleged to be involved in the conspiracy. At the time Judge Fitzgerald found the base offense level to be 38, the standard of proof was by a "preponderance of the evidence." Sixth Amendment jurisprudence now requires that the drug amounts necessary to support a base offense level of 38 need to be alleged in an

indictment and found by a jury. The standard of proof for disputed sentence enhancements should be beyond a reasonable doubt. At a minimum, the standard in the Ninth Circuit for a judge determination, is by clear and convincing evidence. *See United States v. Jordan*, 256 F.3d 922 (9th Cir. 2001).

In this case, there is no jury determination as to the amount of drugs for which Mr. Hicks was convicted by a jury beyond the 20 grams of cocaine base alleged in the indictment. At a minimum, there must be proof by clear and convincing evidence to the sentencing judge to establish these disputed sentence enhancements.

Mr. Hicks' base offense level under USSG § 2D1.1 should be a level 28. Even with upward adjustment for role in the offense, Mr. Hicks' total offense level should be 30, not 40. The range of imprisonment for the drug counts should be 97 to 121 months. With an additional 60 months on the § 924(c) conviction, the sentencing range should be 157 to 181 months.

E. The Need to Avoid Unwarranted Sentencing Disparities

This case illustrates the possible sentencing disparities that exist with mandatory sentencing guidelines. Judge Fitzgerald recognized the injustice of Mr. Hicks receiving a sentence of 35 years, when the two leaders of this conspiracy received a total of 11 years.

The *Booker* decision allows this court to fairly address the gross disparity experienced by Mr. Hicks. Even a sentence of 13 to 15 years for Mr. Hicks may be too much. But, such a sentence would address all of the sentencing factors of 18 U.S.C. § 3553(a), and greatly dissolve the grossly disparate disposition that Mr. Hicks received.

III.   CONCLUSION

The appropriate guideline range for Mr. Hicks should be 157 to 181 months. All of the § 3553(a) sentencing factors support a sentence within that range.

A sentence within this range would correct a grave injustice in which a young man, under the direction and influence of his father, was condemned to spend most of his life in prison.

DATED at Anchorage, Alaska, this 23rd day of April, 2007.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
Alaska Bar No. 8706013
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:        907-646-3480
E-Mail:    rich_curtner@fd.org

Certification:

I certify that on April 23, 2007,
a copy of this document
was served electronically on:

John J. Novak, Esq.

and a copy delivered to:

United States Probation
222 West 7th Avenue, No. 48, Room 168
Anchorage, Alaska  99513

/s/ Rich Curtner