Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON HICKS,<br><br>Defendant. | NO. 3:93-cr-0002-04-HRH<br><br>**AARON HICKS' BRIEF RE: LEGAL ISSUES OF RESENTENCING** |

I.   **INTRODUCTION.**

Aaron Hicks' case has been remanded to this court for resentencing by the Ninth Circuit Court of Appeals.  At the sentencing hearing on April 26, 2007, Mr. Hicks requested a continuance, an updated presentence report, and an opportunity to challenge the guideline calculations of the presentence report before resentencing.  This court granted Mr. Hicks' motion for a continuance and ordered that Mr. Hicks file a brief regarding the legal issues to be addressed at resentencing.

It is Mr. Hicks' position that at resentencing this court must address the sentencing factors of 18 U.S.C. § 3553(a), and that a sentencing analysis under § 3553(a) requires an accurate guideline calculation.  Mr. Hicks is not requesting a new presentence

report. However, for an accurate guideline calculation, Mr. Hicks has the right to challenge the guidelines calculation of the original presentence report, and this court's findings as to the guidelines calculation must be supported by evidence that establishes any enhancements beyond a reasonable doubt, or in the alternative, by a clear and convincing standard.

Once the sentencing guidelines for Mr. Hicks have been accurately calculated under current constitutional standards, the court must consider the other factors of 18 U.S.C. § 3553(a) in imposing sentence.

II.     **THE CONSTITUTIONAL FLAWS OF MR. HICKS' ORIGINAL GUIDELINE CALCULATION.**

Under the constitutional standards established by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury, and proved beyond a reasonable doubt. Under *Blakely v. Washington*, 542 U.S. 296 (2004), facts supporting enhancement of a guideline range also must be proved beyond a reasonable doubt.

In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that the federal sentencing guidelines were advisory, avoiding the full impact of *Apprendi* and *Blakely* on federal sentencing. However, Mr. Hicks maintains that the Sixth Amendment jurisprudence of *Apprendi* and *Blakely* still affects the legal analysis of his sentencing.

In Mr. Hicks' indictment there is no allegations of the amount of drugs for which Mr. Hicks is criminally responsible – beyond 20 grams of crack – or Mr. Hicks' role in the drug conspiracy. These facts were found by Judge Fitzgerald to support the enhancement that drastically increased his sentence.

Moreover, there are only general verdicts by the jury in Mr. Hicks' case, and no special findings by the jury as to the amount of drugs or role in the offense. Mr. Hicks continues to maintain that the Six Amendment requires that any fact which is necessary to support a sentence exceeding the maximum authorized by the facts established by a jury verdict must be proved to a jury beyond a reasonable doubt. *Booker*, 543 U.S. at 244.

In Mr. Hicks' case, Judge Fitzgerald sentenced Mr. Hicks on facts that greatly enhanced his guideline range without those facts being admitted by Mr. Hicks or proved to a jury. Judge Fitzgerald found that these enhancements were established by a standard of proof of a preponderance of the evidence. Therefore, the guideline range established at Mr. Hicks' original sentencing is constitutionally flawed, and cannot be part of this court's 18 U.S.C. § 3553(a) analysis.

### III. NINTH CIRCUIT STANDARDS FOR POST-*BOOKER* RESENTENCING.

One of the latest pronouncements of the Ninth Circuit Court of Appeals concerning the proper procedure for sentencing after *Booker* is set forth in *United States v. Zolp*, 479 F.3d 715 (9th Cir. 2007).

In *Zolp* the Court of Appeals stated:

Even though *United States v. Booker* rendered the guidelines advisory, as part of its sentencing analysis under 18 U.S.C. §

> 3553(a), "the district court must calculate the guidelines range accurately. A misinterpretation of the guidelines by a district court effectively means that the district court has not properly consulted the guidelines" for purposes of its § 3553(a) analysis.

479 F.3d at 721 (citations omitted).

The court in *Zolp* also addressed the standard for proving facts that support a sentence enhancement:

> Nevertheless, the government bears the burden of proof on the facts underlying a sentence enhancement. ("[W]hen the government seeks an upward adjustment, it bears the burden of proof.") (citation omitted). Further, "where an extremely disproportionate sentence results from the application of an enhancement, the government may have to satisfy a 'clear and convincing' standard."

479 F.3d at 718 (citations omitted).

The *Zolp* decision applies with full force to Mr. Hicks' resentencing. Mr. Hicks clearly was given an extremely disproportionate sentence because of enhancements based on relevant conduct and his role in the offense. Just as a clear and convincing standard of proof was applied to a calculation of the amount of "**loss**" which enhanced a sentence, at a minimum the same standard would apply to a calculation of the amount of "**drugs**" used to enhance Mr. Hicks' sentence.

### IV.   CONCLUSION

Mr. Hicks submits that under current Sixth Amendment jurisprudence, the accurate guideline calculation, given the indictment and jury verdicts in this case, should

be a total offense level of 28, for purposes of a sentencing analysis under 18 U.S.C. § 3553(a).

In the alternative, Mr. Hicks submits that he has the right to challenge the enhancements that resulted in an extremely disproportionate sentence at a resentencing hearing. The government has the burden of proving those enhancements by, at a minimum, clear and convincing evidence.

DATED at Anchorage, Alaska this 3rd day of May 2007.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     rich_curtner@fd.org

Certification:
I certify that on May 3, 2007,
a copy of *Aaron Hicks' Brief Re:*
*Legal Issues of Re-Sentencing*
was served electronically on:

John J. Novak
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

/s/Rich Curtner