NELSON P. COHEN
United States Attorney

JOHN J. NOVAK
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue #9, Room 253
Anchorage, Alaska  99513
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: john.novak@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>         Plaintiff,           )<br>                              )<br>    vs.                       )<br>                              )<br> AARON HICKS,                  )<br>                              )<br>         Defendant.           )<br>_____) | Case No. 3:93-CR-00002-HRH<br><br>RE-SENTENCING BRIEF |

COMES NOW, the United States of America, by and through Special Assistant United States Attorney John J. Novak and hereby files this memorandum in response to Defendant's brief concerning the matters he contends are at issue upon the second remand from the Ninth Circuit Court of Appeal for re-sentencing. As discussed below, the Ninth Circuit Court of Appeals had remanded a well

defined and narrow issue for this court's consideration. The issue presented to this court is to make findings regarding the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine, in applying those factors, whether to impose a sentence within, above, or below the previously established applicable guideline range of 40 (292-365 months).

**I.      Factual Background**

A jury convicted Defendant following trial of various offenses involving conspiracy and trafficking in powder and crack cocaine and possession of firearms in furtherance of the drug trafficking. Counts 4 and 13 specifically alleged involvement of crack cocaine in amounts in excess of 5 grams. The conspiracy count, Count 1, alleged as an overt act possession of crack cocaine in amounts in excess of 5 and 15 grams at specified times and places. At trial, Judge Fitzgerald instructed the jury that the United States did not have to prove the amount or quantities of cocaine identified in the indictment, but rather only needed to prove beyond a reasonable doubt that there was a measurable amount of cocaine involved.

A pre-sentence report was prepared in anticipation of sentencing. Paragraph 97 of the pre-sentence report set forth the quantities of cocaine and cocaine base (proven at trial) used in calculating the base offense level. Defendant did not

contest the accuracy of the drug amount calculation in any manner whatsoever prior to or at the original sentencing hearing.  In fact, Defendant agreed that the calculation was proper at the sentencing hearing.  Defendant likewise did not contest the accuracy of the drug amount calculation in connection with the re-sentencing following the first remand by the Ninth Circuit Court of Appeals.

      The base offense level as to which Defendant agreed was properly calculated at the original sentencing is 38.  The offense level then was increased two levels as a result of defendant possessing a firearm in the course the drug trafficking.  The offense level was increased an additional two levels as a result of Defendant being a organizer, manager, and supervisor of the drug trafficking operation.  The adjusted offense level therefore was determined to be 42.  Defendant did not in any manner object to the calculation of the adjusted offense level, but stipulated to its accuracy.  Following the original imposition of sentence, the United States Sentencing Commission retroactively modified the sentencing guidelines so as to eliminate the two-level enhancement for defendant's firearm possession.  The sentencing guideline amendment, therefore, resulted in an properly calculated adjusted offense level of 40 (292-365 months).

      At the first re-sentencing, Defendant once again did not contest the accuracy of the drug amount calculation and the fact that the proper adjusted offense level is

40. The only issue in dispute was whether the court had the authority to impose a sentence outside the guideline range.

The Ninth Circuit Court of Appeals most recently remanded the case back to this court for the sole purpose of this court recognizing that is has the authority to impose a sentence outside the adjusted offense level of 40 if analysis of the statutory sentencing factors compels such a conclusion.

**II.   Defendant's argument that he is entitled to a jury trial concerning the quantity of cocaine/cocaine base and that the United States must bear the burden of proving the amount beyond a reasonable doubt is not well founded.**

Defendant fails to fully develop his argument to the effect that he is entitled to a jury trial and a beyond a reasonable doubt burden on the issue of the quantity of drugs. Instead, Defendant makes a broad brush argument citing the *Booker* opinion. Unfortunately for Defendant, his implicit argument expressly has been rejected by the Ninth Circuit Court of Appeals. *United States v. Staten*, 466 F.3d 708, 714 (9th Cir. 2006).

**III.   The applicable adjusted guideline offense already has been established.**

By his motion, Defendant seeks to start sentencing from scratch at this second re-sentencing. Defendant's desire, however, does not square with the

Ninth Circuit Court of Appeals remand directives:

> Under [18 U.S.C. § 3582(c)(2)], a district court can re-sentence a defendant, like Hicks, whose sentence range has been lowered by the sentencing commission pursuant to 28 U.S.C. § 994(o). This allows the district court to recalculate the defendant's sentencing range using the newly reduced Guideline, and then determining an appropriate sentence in accord with the Section 3553(a) factors.

*United States v. Hicks*, Opinion No. 06-30193 (9th Cir. January 11, 2007).

A reason precluding the court from granting Defendant's request to start this second re-sentencing from scratch is the doctrine of collateral estoppel or law of the case. *See, e.g., United States v. Scrivner*, 189 F.3d 825, 827 (9th Cir. 1999); *United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997); *Adams v. California Dept. of Health*, ____ F.3d ____ 2007 WL 1309812 (9th Cir. May 7, 2007). As discussed above, Defendant did not object to the drug quantity cocaine calculation of the pre-sentence report and in fact agreed that it was proper at the original sentencing and first re-sentencing . The situation presented in this case, therefore, is unlike the situation presented in *United States v. Zolp*, 479 F.3d 715 (9th Cir. 2007). In that case, the defendant disputed the method of calculating the loss in connection with the financial loss enhancement. *Zolp*, 479 F.3d at 719-20.

A third reason that the second re-sentencing is not to start from scratch is that the sentencing commission guideline amendment allows only for a reduction

due to the elimination of the two-level enhancement for firearm possession. *Hicks, supra* at 325-26. Defendant fails to cite any authority in support of his assertion that the guideline amendment authorizes this court at this second re-sentencing to reevaluate all previously established aspects of the sentencing that were not previously disputed.

**IV.   The United States asks this court to make an alternative finding at the re-sentencing hearing that the drug quantities calculated in paragraph 97 of the pre-sentence report is established by clear and convincing evidence based upon the evidence elicited at the trial.**

As the court noted at the last court hearing, Defendant appears to be once again positioning himself to appeal whatever decision this court makes. In order to avoid yet another appellate decision and remand for a third re-sentencing hearing, the United States asks this court make a factual finding, based upon it reviewing the evidence elicited at the trial, that the quantities of drugs set forth in paragraph 97 of the pre-sentence report is established by clear and convincing

//


//

evidence. In *Staten*, the Ninth Circuit Court of Appeals stated:

> We hold, accordingly, that this circuit's established rule, requiring facts found in support of Guideline enhancements that turn out to have a disproportionate impact on the ultimate sentence imposed to be established by clear and convincing evidence, continues to govern sentencing decisions.

*Staten*, 477 F.3d at 720. In applying that holding to this case, the drug quantity calculation does not support a "enhancement," but rather a base offense level calculation. It, therefore, is arguable whether the drug quantity calculation must be established by clear and convincing evidence if the question arises in a case where the defendant actually contested the calculation at the original sentencing. The United States nevertheless asks this court to assume that the defendant is entitled to start from scratch on the drug quantity calculation and find, based upon the testimony elicited at trial, that the drug quantity calculation is established by clear and convincing evidence.

## V.     Conclusion

As demonstrated above, the Ninth Circuit Court of Appeals has remanded a well defined and narrow issue for this court's consideration. The issue presented to this court is to make findings regarding the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine, in applying those

factors, whether to impose a sentence within, above, or below the established applicable guideline range of 40 (292-365 months).

RESPECTFULLY SUBMITTED this 11th day of May, 2007, in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/ John J. Novak
        JOHN J. NOVAK
        Special Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Ave #9, Room 253
        Anchorage, Alaska  99513
        Phone: (907) 271-5071
        Fax: (907) 271-1500
        Email: john.novak@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on May 11, 2007,
a copy of the foregoing  was served
electronically on:

Rich Curtner
Federal Public Defender

and by fax to:
Barbara Burton
U.S. Probation Officer


s/ John J. Novak