```
                                                    FILED
                                                  AUG 16 1993
 1              UNITED STATES DISTRICT COURT
                                           UNITED STATES DISTRICT COURT
 2                  DISTRICT OF ALASKA        DISTRICT OF ALASKA
                                           By _____ Deputy
 3  UNITED STATES OF AMERICA,    )
                                 )
 4              Plaintiff,       )  Case No. A93-002-4 CR
                                 )
 5  v.                           )
                                 )  Anchorage, Alaska
 6  AARON HICKS,                 )  July 7, 1993
                                 )  10:00 o'clock a.m.
 7              Defendant.       )
                                 )
 8                               )  IMPOSITION OF
                                 )  SENTENCE
 9
                  TRANSCRIPT OF PROCEEDINGS
10
       BEFORE THE HONORABLE JAMES M. FITZGERALD
11        UNITED STATES DISTRICT COURT JUDGE

12  APPEARANCES:

13  For the Plaintiff:   MARK ROSENBAUM, ESQUIRE
                         STEPHAN COLLINS, ESQUIRE
14                       U.S. ATTORNEY'S OFFICE
                         222 W. 7th Avenue, No. 9
15                       Anchorage, Alaska 99513
                         (907) 271-5071
16
    For the Defendant:   MOSHE ZOREA, ESQUIRE
17                       7540 East 17th Avenue
                         Box 212043
18                       Anchorage, Alaska 99521
                         (907) 337-7741
19
    Court Recorder:      PATTY DEMETER
20                       U.S. DISTRICT COURT
                         222 West 7th Avenue, No. 4
21                       Anchorage, Alaska 99513-7564
                         (907) 271-3235
22
    Transcription Service: AURORA COURT REPORTING
23                         5109 Caribou
                           Anchorage, Alaska 99508
24                         (907) 276-4188

25  Proceedings recorded by electronic sound recording.
    Transcript produced by transcription service.
                  AURORA COURT REPORTING
```

2

1    ANCHORAGE, ALASKA - WEDNESDAY, JULY 7, 1993

2    (On Record at 10:00 o'clock a.m.)

3        (Call to Order of the Court)

4            THE CLERK:  Please be seated.

5            THE COURT:  (indiscernible).

6            MR. ROSENBAUM:  Good morning, Judge.

7            THE COURT:  Call the case.

8            THE CLERK:  Case A93-002, United States of America

9    versus Aaron Hicks.

10           THE COURT:  For sentencing.  Mr. Zorea, I understand

11   that there's a question concerning accountability at-- for the

12   defendant Hicks at Square 89 Apartments, Anchorage, Alaska.

13   I was just checking my notes and I had some difficulty loca-

14   ting that part of Wiley's testimony, but I have found from the

15   Probation Officer who conducted the investiga-- the Presen-

16   tence Report, or made the-- prepared the Presentence Report,

17   that the deduction of the 2,500 grams would not make any

18   difference in that, and the base offense level would remain at

19   38 in any event.  Mr. Rosenbaum, do you have anything to add?

20           MR. ROSENBAUM:  No, Judge, just that the record

21   should be clear that whether we count Square 89 or whether we

22   don't, the calculation would be the same, we agree.

23           THE COURT:  The total base offense level is 42.  The

24   guidelines require a sentence of 360 months to life.  The de-

25   fendant is not in any position to pay a fine.  I've reviewed

AURORA COURT REPORTING

DECLARATION OF LISSA W. SHOOK (A93-002-4 CR) EXHIBIT A - 3

3

1  the Presentence Report. No restitution is involved. So
2  doesn't it come down that I have to sentence within the range
3  of 360 months to life?
4       MR. ZOREA: Yes. Unfortunately, Your Honor, I think
5  that that's true. This is a case where I think a court's in-
6  dividual discretion, looking at this defendant, would warrant
7  a sentence lower than that, but I believe having gone through
8  it pretty thoroughly that that's what the numbers add up to
9  and there is--
10      THE COURT: That's what the numbers come to, and--
11      MR. ZOREA: Yeah.
12      THE COURT: -- I-- he's 22 years old and I'm going
13 to wind up here imposing a sentence of 360 months, that would
14 be the minimum.
15      MR. ZOREA: It's really tragic in view of the fact
16 he made it through high school, his juvenile years, no record
17 and then takes a wrong fork in the road and gets lured to the
18 phoney business of-- of drugs, and here he is the rest of his
19 adult life pretty well pigeonholed, so we-- there's not a lot
20 that we can say one way or another because I don't think
21 there's, as Your Honor has indicated, that there's anything
22 that can be done other than the 360 months which we think, of
23 course, would be the appropriate sentence given the options
24 that the court has.
25      THE COURT: Mr. Rosenbaum, do you have any sentenc-

AURORA COURT REPORTING

1  ing comments?

2  MR. ROSENBAUM: We don't disagree, Judge, that we're
3  all here bound by the determination by Congress through the
4  delegation of the Sentencing Commission, the only thing that
5  needs to be added that has not been commented on thus far is
6  something where another question of non-discretion for all of
7  us and that's the additional 60 months for the 924(c). So
8  we're in a posture where it's 360 would be the minimum sen-
9  tence for the drug counts, plus 60 months for the 924(c), for
10 a total of 420 months imprisonment.

11 THE COURT: Very well. Mr. Zorea, any further
12 comments?

13 MR. ZOREA: No, I can't argue against that either,
14 Your Honor. That's pretty clear in the law that it is to be
15 consecutive.

16 THE COURT: Very well. Mr. Hicks, do you-- do you
17 wish to make a statement to the court?

18 MR. ZOREA: Not beyond what I have, Your Honor.

19 THE COURT: Mr. Hicks, do you wish to make a state-
20 ment to the court?

21 MR. HICKS: No, sir.

22 THE COURT: You may stand. I find you guilty in
23 accordance with the verdict of the jury of a conspiracy, in
24 violation of 21 USC Section 846. The penalty provided by the
25 statute is ten years to life and a fine of up to four million

5

1  dollars. I find you guilty of Count II, conspiracy to produce
2  false identification in violation of 18 USC 371 and 18 USC
3  1028. The penalty provided is up to five years, a fine of
4  $250,000.00.
5      I find you guilty of Count IV in accordance with the ver-
6  dict of the jury. Distribution and possession of crack co-
7  caine with intent to distribute in violation of 21 USC Section
8  841. The penalty provided by law is five to 40 years, a fine
9  of up to two million dollars.
10     I find you guilty in accordance with the verdict of the
11 jury to Count V, maintaining a place for drug distribution, in
12 violation of 21 USC Section 856. The penalty provided by law
13 is up to 20 years, a fine of up to $500,000.00.
14     I find you guilty of Count VIII, use of firearms in re-
15 lation to drug trafficking, in violation of 18 USC Section
16 924, subpart (c). The mandatory sentence of not less than
17 five years which is required to run consecutive to any other
18 sentence imposed, and a fine of up to $250,000.00.
19     I find you guilty of Count XIII in accordance with the
20 verdict of the jury, distribution and possession of crack
21 cocaine with intent to distribute, in violation of 21 USC
22 Section 841. The penalty provided by law is five to 40 years,
23 a fine of up to two million dollars.
24     I find you guilty of Count XIV in accordance with the
25 verdict of the jury, maintaining a place for drug trafficking,

AURORA COURT REPORTING

6

1  in violation of 21 USC Section 856. The penalty is up to 20
2  years, a fine of $500,000.00-- up to $500,000.00.
3       I find you guilty of Count XVI, maintaining a place for
4  drug trafficking, in violation of 21 USC Section 856. A
5  finding of guilty is in accordance with the verdict of the
6  jury. The penalty provided by law is up to 20 years, a fine
7  of up to $500,000.00.
8       I find you guilty of Count XXIII, in accordance with the
9  verdict of the jury, use of pagers in relation to drug
10 trafficking in violation of 21 USC Section 843. The penalty
11 is up to four years, a fine of up to $250,000.00.
12      I find you guilty of Count XXVIII, in accordance with the
13 verdict of jury, maintaining a place for drug trafficking in
14 violation of 21 USC Section 843. The penalty provided by law
15 is up to 20 years, a fine of up to $500,000.00.
16      I find and conclude that the base offense level is 38,
17 that by reason of the use of-- of weapons there must be a two-
18 level increase, that your role in the offense was an organ-
19 izer/manager and supervisor at various crack houses, it re-
20 quires an upward level of two. The adjusted offense level is
21 42, the -- according to the sentencing guidelines the minimum
22 penalty can be imposed is 360 months.
23      I'm required, in addition to imposing a sentence of 360
24 months incarceration, a special release of not less than five
25 years, and I impose a special release subject to conditions

AURORA COURT REPORTING

7

1   that you not at any time possess any firearm or any narcotics
2   or dangerous drugs. Those will be special conditions imposed.
3       I find that no restitution is required and that you're
4   unable to-- to pay any fine. The-- I'm required to impose a
5   assessment of $500.00 or $50.00 for each conviction of a
6   felony. The clerk will enter the appropriate judgment, the
7   defendant will now be remanded to the custody of the United
8   States Marshal and execution of the sentence.
9       MR. ROSENBAUM: Judge, the imposition on 924(c), I
10  think needs to be done--
11      THE COURT: I'm sorry?
12      MR. ROSENBAUM: The 924(c) needs to be done
13  separately, I believe, Your Honor. That would be 60 months on
14  top of that. Unless the court was thinking about doing it
15  count by count.
16      THE COURT: 924(c) requires a mandatory five-year
17  sentence. That is-- I have no alternative, I have to impose
18  a mandatory five-year sentence consecutive to any other sen-
19  tence imposed. And that will be ordered. The clerk will pre-
20  pare the judgment. Anything else?
21      MR. ROSENBAUM: I take it the court's judgments on
22  the other counts of conviction to run concurrent with Count I
23  with the exception of the 924(c)?
24      THE COURT: All the-- all the sentences will run
25  concurrent except the sentence on Count VIII, which is the 924

8

```
 1  subpart (c).
 2           MR. ROSENBAUM:  Thank you, Judge.
 3           THE COURT:  Mr. Hicks, it's -- I really take no
 4  pleasure in imposing a sentence of this magnitude.  I'm re-
 5  quired by law to do-- which I'm required by law to do, but I
 6  want to say that, you know, your father, Aaron Beard, who is
 7  very substantially responsible for, I believe, your participa-
 8  tion and conduct in this matter is-- has been acquitted in
 9  this case.  Comparing the penalty imposed upon you and the
10  fact that he's been acquitted is a matter which I have no
11  control over, but which I must say I do regret.
12           The defendant is now remanded to the custody of the
13  United States Marshal and execution of the sentence.
14           THE CLERK:  This court now stands in recess subject
15  to call.
16  (Court Recessed at 10:13 o'clock a.m.)
17
18
19
20
21
22
23
24
25
                         AURORA COURT REPORTING
```

1    **CERTIFICATE**

2    I hereby certify that the foregoing is a correct

3    transcript from the record of proceedings in the above-

4    entitled matter.

5

6    _____    August 6, 1993
     Audrey K. Krovchuk, Court Reporter    Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AURORA COURT REPORTING