Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AARON HICKS,<br><br>　　　　Defendant. | NO. 3:93-cr-0002-04-HRH<br><br>**AARON HICKS' REPLY BRIEF<br>RE: RESENTENCING** |

　　　　Aaron Hicks has filed a motion and brief (Docket No. 979) regarding legal issues raised by Mr. Hicks' resentencing, now scheduled for May 24, 2007. The government has filed a "Resentencing Brief" (Docket No. 981) and a "Supplemental Resentencing Brief" (Docket No. 984). Mr. Hicks now submits this reply in response to the government's briefs.

**I.  MR. HICKS DID NOT AGREE TO THE DRUG QUANTITIES SET FORTH IN THE PRESENTENCE REPORT AT HIS ORIGINAL SENTENCING OR FIRST RESENTENCING.**

The government agues that Mr. Hicks did not contest the accuracy of the drug amount calculation at his original sentencing or at his first resentencing. This court has requested copies of the trial and sentencing transcripts that support the government's proposition.

The government has submitted a transcript of Mr. Hicks' original sentencing on July 7, 1993. That transcript reflects that there was a dispute concerning "2,500 grams" used in the guideline calculation of the drug quantity. (Transcript at p. 2) It is also clear that Judge Fitzgerald, the prosecutor and Mr. Hicks' counsel agreed that the sentencing court did not have any discretion to impose a sentence less than 35 years.

As for Mr. Hicks, when asked if he wanted to make a statement, he replied, "Not beyond what I have, Your Honor." (Transcript at p. 4) This record hardly supports the proposition that Mr. Hicks agreed to the drug quantity in the presentence report. In fact, Mr. Hicks did not agree to the quantity of drugs for which he was held accountable, and has challenged the guideline calculations throughout the district court, appellate and post-conviction litigation of this case.

At Mr. Hicks' resentencing, Mr. Hicks did not have the opportunity to challenge the guideline calculations at a hearing since he did not appear before the court at resentencing. This court resentenced Mr. Hicks in a written order by adjusting the guideline offense level to reflect an amendment to the guidelines. But Mr. Hicks clearly

challenged all aspects of his sentencing in his pleadings before the Ninth Circuit Court of Appeals.

**II.   THE DRUG QUANTITIES WERE NOT ESTABLISHED AT TRIAL BY CLEAR AND CONVINCING EVIDENCE.**

The government in its first resentencing brief asks this court to make factual findings, based on review of the evidence at trial, that the drug quantities of the presentence report were established by a clear and convincing standard. This court requested the government provide references to trial transcripts that would support this proposition. No trial transcripts have been provided. The government suggests that this court could listen to the audio recording of the trial to make factual findings.

The government states that "the United States currently does not intend to retry the case," yet has not provided any transcripts to support any factual findings. Mr. Hicks maintains that the only drug quantity established at trial was the 20 grams of cocaine base specifically charged in the indictment and found by the jury.

DATED at Anchorage, Alaska this 21st day of May 2007.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:       907-646-3400
Fax:          907-646-3480
E-Mail:      rich_curtner@fd.org

Certification:
I certify that on May 21, 2007,
a copy of **Aaron Hicks' Reply
Brief Re: Resentencing** was
served electronically on:

John J. Novak
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

/s/Rich Curtner