Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   vs.<br><br>AARON HICKS,<br><br>   Defendant. | NO. 3:93-cr-0002-04-HRH<br><br>**AARON HICKS' MOTION FOR RESENTENCING** |

Aaron Hicks was originally indicted in this case in January 1993. He was sentenced to a total of 420 months later that same year by the Honorable James M. Fitzgerald.

In 2005, Mr. Hicks moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), pursuant to Amendment 599 of the Sentencing Guidelines. In 2006, Mr. Hicks' sentence was then reduced by an order of this court to a total term of 352 months.

Mr. Hicks appealed that sentence, arguing that he should have been resentenced under the holding of *United States v. Booker*, 543 U.S. 220 (2005). The Ninth

Circuit Court of Appeals agreed in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), vacated the judgment and remanded Mr. Hicks' case to the U.S. District Court for resentencing consistent with the *Booker* decision.

This Court ordered a resentencing hearing in light of the Ninth Circuit remand, and ordered the United States Marshal to arrange for transportation of Mr. Hicks to Alaska. That resentencing took place in Anchorage on May 24, 2007. This Court reimposed a total sentence of 352 months. At the conclusion of that hearing, the court indicated to Mr. Hicks that he might return for another resentencing if pending amendments to the Sentencing Guidelines for crack were applied retroactively.

Mr. Hicks appealed. He argued that his resentencing was not consistent with the *Booker* decision and other United States Supreme Court cases. He also argued that this Court did not recognize the authority to consider the crack/powder cocaine guideline disparities as a sentencing factor.

After Mr. Hicks filed his opening brief in the Ninth Circuit, the government asked that his case be stayed pending a decision of the United States Supreme Court in *Kimbrough v. United States*. Mr. Hicks' appeal was stayed.

After the Supreme Court decided *Kimbrough*, 128 S.Ct. 558 (2007), the Ninth Circuit remanded this case for further proceedings consistent with *Kimbrough*.

Mr. Hicks submits that he is entitled to a resentencing hearing under *Kimbrough*, in order to advance his arguments as to the crack/powder disparity in the guidelines. Mr. Hicks also has the right to an adjustment of his guideline calculation based on retroactive application of the amendment to the crack guidelines. Mr. Hicks further

submits that he should have the opportunity to brief and argue issues he raised at his last resentencing hearing based on subsequent Supreme Court and Courts of Appeal decisions.

For these reasons, Mr. Hicks requests a resentencing hearing, and an order for his transportation to Alaska to meet with counsel and to attend resentencing in person.

DATED at Anchorage, Alaska this 6th day of August 2008.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:         907-646-3480
E-Mail:    rich_curtner@fd.org

Certification:
I certify that on August 6, 2008,
a copy of the *Aaron Hicks' Motion for Resentencing* was served electronically on:

Frank V. Russo
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

/s/Rich Curtner